## STATE *vs.* EDWARD MCCORMICK.

Kennebec.    Announced May 27, 1892, May Term.
Middle District.    Opinion August 8, 1892.

*Jury.    Sealed Verdict.    Criminal Case.    Felony.    Practice.*

In capital cases and cases in which the accused, if found guilty, is liable to be punished by imprisonment for life, it is error to allow the jury to seal up their verdict and then separate before returning it into court.

Rape is a crime for which a person, if found guilty, is liable to be punished by imprisonment for life; and in such a case it is error to allow the jury to seal up their verdict and then separate before returning it into court.

In cases not capital, and cases in which the accused is not liable to be punished by imprisonment for life, a sealed verdict is allowable; but such a verdict must be in proper form and be signed by the foreman of the jury; and a piece of paper having nothing upon it but the word "guilty," and not signed by the foreman, is not a legal verdict, and can not be legally accepted and affirmed.

If an illegal verdict is affirmed against the protest of the accused in a criminal case, he may file a motion in arrest of judgment, and if his motion is overruled, exceptions will lie.

In proper cases a sealed verdict may be returned and affirmed in criminal as well as civil cases; or, in criminal cases, if a sealed verdict is returned, an oral verdict may be taken and affirmed, the difference being merely a matter of form; and the verdict will be legal whether taken and affirmed in the one form or the other, provided the proceedings are in other particulars regular and according to law.

ON EXCEPTIONS.

This was indictment for rape upon a child under the age of fourteen years. The case was tried to a jury in the Superior Court, for Kennebec County.

The defendant filed a motion in arrest of judgment and for a new trial, which was overruled by the presiding justice, and he thereupon took exceptions. The motion is as follows:

"And now comes the respondent in the above entitled indictment, after the verdict and before sentence, and moves an arrest of judgment and for a new trial, for the following reasons, to wit:

"1st. Because the jury, after hearing the case and the judge's charge, retired to the jury-room, found a verdict, wrote the word "guilty" on a piece of paper, sealed the same up, then separated over night without returning the verdict to the court and the next morning came into court and against the objection of the respondent, delivered the envelope containing the word "guilty" to the clerk of court, and said clerk against the objection of the respondent opened the envelope in the presence of the jury and respondent, and in the usual form put the question to the jury as to their verdict who then and there announced their verdict as guilty.

"2nd. After taking the case under the instruction of the presiding justice to seal up their verdict in case they should not agree before adjournment of court, given in the absence of the respondent's counsel and without consultation of the respondent, the jury retired to the jury-room, wrote the word "guilty" upon a piece of paper, sealed up the same and without first communicating the tenor of the same to the presiding justice or imparting privately to the court what the verdict was, were, under the instruction of the judge, allowed to and did separate over night and returned into court the next morning the sealed verdict so made out and against the protest of the respondent; the envelope containing the word "guilty" was broken open by the clerk who then and there put the usual question to the jury who answered that the respondent was guilty, and this against the respondent's protest was taken as the jury's verdict and so entered upon the records of the court.

"3rd. Because no verdict was rendered according to law."

*L. T. Carleton,* County Attorney, for the State.

The rule is universal in its application that a motion in arrest of judgment reaches errors only that are apparent on the face of

the record.     *State* v. *Murphy*, 72 Maine, 435, and cases there cited.

Any matter appearing in evidence at the trial, any facts then proved, any defect in the process for bringing the defendant into court, or in its service, are not reached by this motion.   *Com.* v. *Gregory*, 7 Gray, 498.   The court must judge in motions of this kind from the record, and that only, and not from what took place at the trial.   *Bedell* v. *Stevens*, 28 N. H. 118. This complaint is of matters of purely formal procedure, which defendant insists should be carried on after strict ancient forms ; and the gist of his complaint is that the jury was allowed to separate before returning the verdict into court and there affirming it.

*E. W. Whitehouse*, for defendant.

WALTON, J.   In capital cases and cases in which the accused, if found guilty, is liable to be punished by imprisonment for life, it is error to allow the jury to seal up their verdict and then separate before returning it into court.

In cases not capital, and in which the accused, if found guilty, is not liable to be punished by imprisonment for life, the jury may be allowed to seal up their verdict, if it is agreed upon during an adjournment of the court, and return it into court when the court is again in session.

But such a verdict must be in proper form and signed by the foreman of the jury.   A piece of paper with nothing but the word "guilty" upon it, and not authenticated by the signature of the foreman, is not a proper verdict, and can not properly be affirmed as such.

To secure accuracy and a uniformity of practice in such cases, this court prepared a suitable form for sealed verdicts in criminal cases, with instructions in relation to the cases in which they could properly be used, and the manner in which they should be received, opened, read and affirmed, and caused the same to be published in its official reports.   See 63 Maine Reports, 590. And when, in a proper case, a jury is allowed to seal up their verdict, they should be furnished with a proper blank, and be instructed how to use it.

In the case now under consideration, the exceptions state that the defendant was tried on an indictment for rape. Rape is one of the highest crimes known to the law. It is not many years since it was punishable by death. And it is now a crime for which a person, if found guilty, is liable to be punished by imprisonment for life. The punishment may be for a term of years, or it may be for life, at the discretion of the court. It was not, therefore, a case in which the jury could properly be allowed to separate after agreeing upon a verdict and before returning it into court. No one now knows, and no one can know, till after the sentence is passed, that it will not be a sentence for life. And yet the jury was allowed to separate after agreeing upon a verdict and before it was returned into court; and the exceptions state that this was done without the knowledge or consent of the defendant. And the exceptions further state that the verdict which was returned was a piece of paper with nothing upon it but the word "guilty." It did not state the name of the defendant, nor was it authenticated by the signature of the foreman. Clearly such a verdict could not be accepted. And we do not understand that it was accepted. We understand from the exceptions that an oral verdict was taken and affirmed in the usual way, and as would have been proper in this case if the jury had not separated before returning it.

It is urged in behalf of the State that rape ought not to be regarded as a crime punishable by imprisonment for life, because it is not necessarily so punished. Precisely the same argument has been urged in cases arising under the statute defining felony. The statute declares that the term "felony" includes every offense punishable by imprisonment in the state prison. And it has been several times urged upon the court that unless the offense is necessarily so punished, it should not be regarded as a felony. But the court has uniformly held that an offense that is liable to be so punished must be regarded as a felony, although not necessarily so punished. And we think these decisions are sound; for no one can know till sentence is passed that the offense will not be so punished. As it is liable to be so punished, the only

safe and proper course to pursue, is to try the offender precisely as if it were certain to be so punished. And by parity of reasoning, the only safe and proper way to try a man charged with rape, is to proceed as if it were certain that his punishment, if he should be found guilty, would be imprisonment for life. *State* v. *Smith*, 32 Maine, 369 ; *Smith* v. *State*, 33 Maine, 48 ; *State* v. *Mayberry*, 48 Maine, 218.

This conclusion is not in conflict with *State* v. *Fenlason*, 78 Maine, 495. It is true that in that case the defendant was on trial for an offense liable to be punished by imprisonment for life ; and it is true that the jury were allowed to seal up their verdict and return it into court after a separation. But the direction to the jury that they might seal up their verdict and then separate before returning it into court, was in the presence of the defendant and his counsel, and the direction was impliedly, if not expressly, assented to by the defendant and his counsel ; and the verdict was afterward received and affirmed in their presence without objection. Under these circumstances, the court held that the objection must be regarded as waived. In the present case, the direction to the jury, that they might seal up their verdict, was not in the presence of the defendant or his counsel ; and, of course, was neither expressly nor impliedly assented to by either. Nor was the verdict received and affirmed without objection. On the contrary, the action of the court in both particulars was vigorously objected to. Under these circumstances it is impossible to hold that the proceedings were assented to, or the errors waived. The case cited is not, therefore, opposed to our conclusion in the present case.

The proceedings in the reception and affirmation of sealed verdicts, in both civil and criminal cases, may be, and usually are, as follows : After the court is opened, and the jurors are in their seats, the clerk, by the direction of the court, inquires of the jury if they have agreed upon a verdict. Upon receiving an answer in the affirmative, the clerk directs the jury to pass it in. The foreman of the jury then delivers the sealed verdict to the officer in attendance upon them, and he hands it to the clerk. The clerk then opens the verdict and reads it aloud, so

that all present can hear what it is. Then, after a short pause, if no objection is made to the verdict, and it appears to the court to be in proper form, he directs the clerk to affirm it. The clerk then addresses the jury as follows: " Gentlemen of the jury, hearken to your verdict as the court has recorded it." The clerk then reads the verdict to the jury, and concludes by saying, " So say you, Mr. Foreman? So say you all, gentlemen of the jury?" To these inquiries, the foreman, and other members of the panel, sometimes respond vocally, but more usually by an affirmative gesture, such as a nod or a slight inclination of the head or body. The verdict is regarded as affirmed by the jury, if no dissent is expressed.

The proceedings in Massachusetts appear to be somewhat different. It appears that their practice is to require an oral verdict in addition to the sealed verdict. The difference seems to us to be no more than a mere matter of form. In this State verdicts are often so taken. A verdict in either form will be legal.

It is further urged in behalf of the State that the case is not properly before the law court. We think it is.

In *Commonwealth* v. *Tobin*, 125 Mass. 203, a case almost precisely like this, where a sealed verdict had been improperly affirmed in the Superior Court, and a motion had been made to have the verdict set aside, which motion had been overruled by the court, and the defendant had excepted, Chief Justice Gray said that the verdict received and recorded by the court not being a legal verdict, it was the right of the defendant, upon motion duly filed, to have it set aside; and that the order of the Superior Court overruling his motion and denying him this right, was a decision upon a question of law which could not have been raised before verdict, and was therefore a proper subject of a bill of exceptions.

In this case, the defendant moved for an arrest of judgment, and for a new trial, because an illegal verdict was received and affirmed. There being no dispute in relation to the facts, whether or not his motion should be sustained was a pure question of law. The decision was against him. We think he

had a right to except, and that his exceptions are properly before the law court. The defendant's motion is not simply for an arrest of judgment. It is also a motion asking for a new trial for an error in law. We think he is entitled to a new trial.

There is one other ground on which the court is urged not to grant a new trial; and that is that the errors were in matters of form merely. When a man's liberty for life, or for a term of years even, is involved in a trial, it is his right to insist that all the proceedings shall be strictly according to law. If one of the safeguards which the law throws around a man's liberty may be disregarded to-day, another may be to-morrow, and another the next day, and so on till they are all swept away. The proper place to stop is at the beginning.

*Exceptions sustained. New trial granted.*

PETERS, C. J., LIBBEY, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.