# Richmond.

## HOBACK v. COMMONWEALTH.

### January 18, 1906.

1. CRIMINAL LAW—*Venire Facias—Who to Furnish Names—Effect of Quashing—Second Writ—Procedure—Irregularities—Code (1904), Secs. 4018, 4019.*—A circuit court judge wrote to the clerk "to summon thirty first-class men for the first day of the term to serve as venire men." The clerk drew from the box provided by law the names of thirty persons, and issued a writ of *venire facias*, directing the sheriff to summon thirty persons of his county to be taken from a list furnished him by the judge of the court, and attached the list. The sheriff executed the writ by summoning the persons named. On the trial of a felony case, when this venire was called, the prisoner moved to quash the writ, and the court quashed it. The court then issued a second writ of *venire facias*, directing the sheriff to summon sixteen persons of his county from a list furnished him by the judge. To this writ was attached a list containing the names of sixteen persons taken by the judge from those summoned under the first writ, which had been quashed. The prisoner moved to quash this writ, but the motion was overruled. Not having secured a panel from these sixteen names, a third writ of *venire facias* was issued, summoning two additional persons whose names were taken by the judge from those present in response to the first writ, which had been quashed. The prisoner moved to quash this writ, and the list accompanying it, but the motion was overruled.

*Held*:

1. The first writ of *venire facias* was properly quashed, as the law requires the list to be furnished by the clerk issuing the writ and *not by the judge*, and, furthermore, the method of drawing was irregular because, when more than twenty are ordered to be summoned, the law requires that the judge shall specify the number of names to be drawn and the number of persons to be summoned, and provides that the number drawn shall not be more than four in excess of the number summoned.

2. When the first writ was quashed it was as though it had never existed, and the court was without a jury present from which to select a panel. The list was a part of the writ and when the writ was quashed, the list was annulled also.

3. The second writ should have been quashed also, as a person accused of a felony is entitled to a jury of twenty persons, to be drawn by the clerk or his deputy according to law, of whom sixteen must be summoned, whereas the writ contains the names of only sixteen persons not drawn at all, but furnished by the judge as above indicated. When the first writ was quashed the court should have proceeded *de novo* to have a jury drawn and summoned according to the provisions of Code, 1904, Sec. 4018. He had no panel to complete, and hence no right to summon by-standers. The conditions provided for by Code (1904), Sec. 4019 had not arisen.

4. The provisions of the statute in respect to impaneling juries in felony cases are not directory merely, but mandatory. In this case each of the writs directed the sheriff to summon persons from a list to be furnished by the *judge*, contrary to the mandate of the law, and hence was no process at all.

5. It is immaterial whether the prisoner is guilty or innocent. He is entitled to a fair and impartial trial in the mode prescribed by law, and has not had it.

6. The last paragraph of section 4018, Code 1904, relating to certain irregularities or errors in drawing, summoning, impaneling, etc., of juries in criminal cases was never intended to cure or relieve the fundamental error in the mode of selecting the jury which tried the prisoner, and has no application to such case.

7. The prisoner was tried by a jury selected by the judge without authority of law, has been deprived of the drawn jury prescribed by the statute, which was his right, and hence has not had that fair and impartial trial guaranteed to him by the law.

Error to a judgment of the Circuit Court of Floyd county in a prosecution for a felony.

*Reversed.*

The opinion states the case.

*Archer A. Phlegar* and *J. C. Wysor*, for the plaintiff in error.

*Attorney-General Wm. A. Anderson* and *R. L. Jordan,* for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

The plaintiff in error was found guilty of murder in the second degree, and sentenced by the Circuit Court of Floyd county, in accordance with the verdict of the jury, to penal servitude for a term of eight years. To this judgment a writ of error was awarded, bringing the case before us for review.

It appears from the record that the judge appointed to hold the court at which the prisoner was tried wrote to the clerk of the court to summon "thirty first-class men for the first day of the term to serve as veniremen." Upon receipt of this letter the clerk drew from the box provided by law the names of thirty persons, and with these names attached thereto issued a writ of *venire facias,* addressed to the sheriff, in these words: "We command you, that you summon and cause to come before the Circuit Court of the county of Floyd, at the courthouse, on the 17th day of July, 1905, (being the 1st day of July term of said court), thirty persons of your county, to be taken from a list furnished you by the judge of said court, who are qualified, &c."

On motion of the prisoner, by counsel, this writ was properly quashed, it being, on its face, in direct contravention of the express mandate of the statute, which requires that "the writ of *venire facias,* in case of a felony, shall command the officer to whom it is directed to summon sixteen persons of his county or corporation, to be taken from a list *furnished him by the clerk issuing the writ,* who are qualified, &c." Va. Code, sec. 4018.

In addition to the error appearing on the face of this writ,

that the thirty persons mentioned were to be taken from a list furnished the officer by the judge, instead of by the clerk, the manner of drawing the persons named was irregular. It is true the judge could have ordered, for good cause shown, more than twenty persons to be drawn and placed in the list, but in such case the law requires that he shall specify the number of names to be drawn and the number of persons to be summoned; providing that the number drawn shall not be more than four in excess of the number to be summoned. Va. Code, 1904, sec. 4018. These provisions of the law with respect to drawing the jury were wholly disregarded, the letter of the judge to the clerk merely directing him to summon thirty persons, without specifying the number to be drawn, or how many of the number drawn were to be summoned.

After quashing the writ mentioned, the court issued a second writ of *venire facias,* addressed to the sheriff, in these words: "We command you to summon and cause to come before the Circuit Court of the county of Floyd, at the courthouse on this 17th day of July, 1905, being the first day of July term of said court, sixteen persons of your county, to be taken from a list furnished you by the judge of said court, who are qualified, &c." To this writ was attached a list containing the names of sixteen persons, taken by the judge from among those summoned under the first writ of *venire facias,* which had been quashed. Upon this writ the sheriff made the following return: "By virtue of the foregoing writ, I summoned the above named persons from a list furnished me by the judge of the Circuit Court of Floyd county." Not having secured a panel from these sixteen names, a third writ of *venire facias* was issued, summoning two additional persons, whose names were taken by the judge from the list of those present in response to the first writ which had been quashed. Before the jury thus summoned was

sworn, the prisoner, by his counsel, moved the court to quash this writ of *venire facias*, and also to quash the list of jurors accompanying such writ, upon the ground that it commanded the sheriff to summon *sixteen* persons from a list furnished by the judge of the court. The action of the court in overruling this motion constitutes the first assignment of error.

This second writ of *venire facias* fails entirely to conform to the express mandate of the statute, which secures to one accused of a felony, a jury of twenty persons, drawn by the clerk of the court or his deputy in the manner prescribed by the statute, and requires that sixteen of the number so drawn shall be summoned.

It is contended on behalf of the Commonwealth that, although the first writ of *venire facias* was quashed, the thirty persons summoned under it remained and continued to be a legal list of drawn jurors summoned in compliance with the statute; and that when the second writ of *venire facias* was issued, it was done in pursuance of section 4019, Va. Code, 1904, which provides as follows: "In any case of felony, when a sufficient number of jurors to constitute a panel of sixteen free from exception cannot be had from those summoned and in attendance, the court may direct another *venire facias*, and cause to be summoned from the by-standers, or from a list to be furnished by the court, so many persons as may be deemed necessary to complete the said panel."

This position is, we think, untenable. Mr. Abbott, in his Law Dictionary, vol. 2, p. 364, defines the term "quash" as follows: "To annul, overthrow or vacate by judicial decision." When, therefore, the first writ was quashed, it was annulled, overthrown or vacated; in other words, it was as though it had never been issued, and the court was without a jury present from which to make up a panel. The persons

present, who had been summoned under the first writ, were mere by-standers, and were no longer under the control of the court. The list was a part of the writ, and when the latter was annulled by the court's action, the former was vacated also. After quashing the writ, the only course open to the court was, to begin *de novo* and have a jury drawn and summoned in accordance with the provisions of section 4018. When the opportunity for a drawn jury, provided by section 4018 has been given, and jurors summoned, and the panel cannot be completed from that number, then under section 4019 the judge, to expedite the trial, may select the persons to be summoned to complete the panel; but section 4019 has no application in a case like this, where there was no panel to complete. If it were otherwise, the valuable rights secured to the accused by section 4018 could be wholly disregarded and denied him. The clerk would only have to issue an invalid writ, the court quash it, and then under section 4019 issue a new writ, summoning a jury selected by the judge.

As already seen, the statute, section 4018 (Acts, 1904, p. 16) expressly provides that the writ of *venire facias,* in case of a felony, shall command the officer to whom it is directed to summon sixteen persons of his county or corporation, to be taken from a list *furnished by the clerk issuing the writ.* The law in force prior to the adoption of section 4018 provided, that the *judge* should furnish the list; but the Legislature saw fit to change this law and to require that the list be drawn by *the clerk* in accordance with the provisions of section 4018. The letter and policy of the statute was to give the prisoner in the first instance a drawn panel, and in that way to secure a fair and impartial jury. Each of the three writs in this case directed the jury to be summoned from a list *furnished by the judge.* Neither writ conformed to the positive mandate of the law, and was, therefore, no process at all.

In *Jones' case,* 100 Va. 846, 41 S. E. 952, this court, quoting from a prior case, says: "Omission to direct a new *venire facias,* or omission of any statutory essential apparent on the record, is error. . . . These provisions of the statute in respect to impaneling juries are not directory merely, but imperative. They are rules which are made essential in proceedings involving life or liberty, and it is the right of the accused to demand that they be complied with. To disregard them is to deprive the accused of that due process of law which is provided by the Legislature, and which is required by the fundamental law of the land." Further, on p. 847, it is said: "This the statute requires, and if one of the formalities which it prescribes may be disregarded, all may be set at naught."

The argument at bar has been elaborate to show the guilt of the prisoner, but if that fact was established with ever so much certainty, it would furnish no ground for removing any bar which the law has erected to protect the accused. The right of the guilty man is exactly the same when on trial as that of the innocent person, and his right to go unpunished until he is formally convicted, after making every defense to which the innocent are entitled, is one of the main pillars whereon rests our liberty and security in the pursuit of happiness. The guilty man is entitled to be convicted according to law, or in default thereof be acquitted. Hence it is, says Mr. Bishop, "that before any person can be made to suffer for a crime, he must be caught and held in the exact meshes which the law has provided; or, in other words, he must be proceeded against, step by step, according to the rules ordained by the law. It is of no avail to pursue him in a way indicated by better rules; the law's rules must be applied, or the law's penalty cannot be imposed." Bishop's Crim. Pro., sec. 89; *State* v. *McCormick,* 84 Me. 566, 24 Atl. 938; *Hatch* v. *State,* 8 Tex. Ap. 416, 34 Am. Rep. 751.

This learned author further says: "A court inquiring after the regularity of its proceedings, never asks whether or not the defendant is guilty." .Sec. 92. And in section 93 he says: "The function of human law is merely to conserve the outward order of society. And a part of this order, not less essential than any other, consists in adhering to the exact methods which the law has laid down for bringing criminals to justice."

The learned Attorney-General, on behalf of the Commonwealth, insists that the act of February 10th, 1904, (Va. Code, 1904, sec. 4018) was designed to modify the rule in *Jones' Case, supra,* and to make all of the provisions of the act, as to drawing names, making out and signing the list and summoning persons named on the list, *directory.* In support of this contention the last paragraph of section 4018 is relied on, which is as follows: "No irregularity or error in drawing the names, or in making out, or copying, or signing, or failing to sign, the list, or in summoning the persons named on the list shall be cause for summoning a new panel, or for setting aside a verdict or granting a new trial, unless objection thereto was made before the jury was sworn, and unless it appears that such irregularity, error, or failure was intentional, or is such as to probably cause injustice to the Commonwealth, or to the accused."

The first writ having been quashed, and everything done in pursuance of it having, as already seen, fallen with it, neither the writ nor anything done under it could possibly contribute to the support of the second writ of *venire facias.* That writ must stand upon its own merits or fall by reason of its demerits. It was under this second writ alone that the persons who tried the prisoner were obtained. Before the jury thus summoned was sworn the prisoner made his motion to quash the writ, not because of any irregularity or error in drawing the names, for

none had been drawn after the first writ of *venire facias* was quashed, nor for any irregularity or error in making out or copying or signing or failing to sign the list, or in summoning the persons named on the list, but because the persons summoned were taken from a list furnished *by the judge* and not from a list drawn and furnished *by the clerk*, as required by the express mandate of the statute.

The last paragraph of section 4018 has no application to the conditions here presented, and was never intended to cure or relieve the fundamental error in the mode of selecting the jury which tried the prisoner. If the paragraph relied on were given the operation suggested, it would render nugatory all the preceding part of sec. 4018 which prescribes the method of drawing and summoning a jury in a felony case. That the jury shall be drawn and furnished by the clerk, and not selected by the judge, is mandatory, and the court is powerless to deprive the accused of that right.

It seems to be thought that because the judge selected the names to be summoned from among those who had been summoned under the quashed writ, the prisoner has been done no injury and therefore has no right to complain. To this contention we cannot give our assent. It was a jury selected by the judge, which the law forbids. If the judge had selected the panel to be summoned under the second writ from any other by-standers or from among names in the box, it would have been equally as lawful as selecting such panel from among the thirty persons brought together by the first writ of *venire facias*, which had been declared null and void.

This is not, as suggested, a technical view of this matter. Jurors as triers of the fact wield far more power than the judge on the bench, in the trial of an accused person, and the Legislature has seen fit to safeguard the rights of the Common-

wealth and the accused by the enactment of a mandatory pro-visions for the constitution of this important branch of the judi-cial system, which the courts are not at liberty to disregard, even if they deemed it expedient to do so.

Our conclusion is that the plaintiff in error has been tried by a jury selected by the judge without authority of law; has been deprived of the drawn jury prescribed by the statute, which was his right; and, therefore, has not had that fair and impar-tial trial which is guaranteed to him by the law.

The questions raised by the other assignments of error will not necessarily arise again, and, therefore, they are not dealt with in this opinion.

For these reasons, the judgment complained of must be re-versed, the verdict of the jury set aside, and the case remanded for a new trial not in conflict with the views expressed in this opinion.

*Reversed.*