## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### BIBBS V. COMMONWEALTH.

#### March 17, 1921.

1. CHARACTER IN EVIDENCE.—*Bad Character of Accused for Chastity* —*Specific Acts—Prosecution for Causing or Encouraging an Infant to Commit a Misdemeanor.*—By the great weight of authority, even if under Act 1914, chapter 228, accused was entitled to introduce in his defense the bad character of the prosecutrix for chastity, accused would be restricted to proof of the general reputation of the prosecutrix in that regard; no evidence of specific acts of unchastity being admissible.

2. CHARACTER IN EVIDENCE.—*General Reputation of Prosecutrix in a Prosecution Under Acts 1914, chapter 228.*—In a prosecution under Acts 1914, chapter 228, providing that any person over eighteen years of age who shall cause or encourage any child under the age of eighteen years to commit any misdemeanor shall be deemed guilty of a misdemeanor, evidence to prove the bad general reputation of the prosecutrix for chastity is inadmissible.

3. CRIMINAL LAW.—*Infants—Acts 1914, chapter 228, Against Causing or Encouraging a Child to Commit a Misdemeanor.*—Under Acts 1914, chapter 228, providing that any person over eighteen years of age who shall cause or encourage any child under the age of eighteen years to commit any misdemeanor shall be deemed guilty of a misdemeanor, it is not an essential element of the offense that the accused should have *caused* the prosecutrix to have committed a misdemeanor. If he *encouraged* the prosecutrix to commit the misdemeanor, he was guilty of the statutory offense.

4. CRIMINAL LAW.—*Infants—acts 1914, chapter 228, Against Causing or Encouraging a Child to Commit a Misdemeanor.*—Where in a prosecution under Acts 1914, chapter 228, accused admitted that he had carnal intercourse with the prosecutrix and was, therefore, a willing participant with her in the commission of the misdemeanor, such participation, in itself alone, *encouraged* the prosecutrix to commit such misdemeanor and made the accused guilty under the statute.

5. CRIMINAL LAW.—*Infants—Acts 1914, chapter 228 Against Causing or Encouraging a Child to Commit a Misdemeanor.*—In

prosecution under Acts 1914, chapter 228, for encouraging a child to commit a misdemeanor, namely, fornication, even if it were true that the prosecutrix made the first advance, that did not justify the accused in encouraging her to commit the misdemeanor by yielding to her solicitation.

Error to a judgment of the Circuit Court of Orange county.

*Affirmed.*

Omitting the formal parts, the warrant in this case charged that the accused, "did unlawfully and feloniously cause and encourage Clara Stuart, she being under the age of eighteen years, to commit a misdemeanor, to-wit, fornication with him * * * he being over the age of eighteen years, to-wit, the age of thirty years, * * *"

The warrant was issued under the statute, Acts 1914, chapter 228, which, so far as material, is as follows:

"* * * any person over eighteen years of age who shall cause or encourage any child under the age of eighteen years to commit any misdemeanor * * * shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be subject to punishment by a fine of not more than five hundred dollars, or by imprisonment in jail for a period not exceeding one year, or both."

There was a trial by jury which resulted in a verdict and judgment finding the accused guilty and fixing his punishment at six months in the county jail.

It appears from the record that the accused was over eighteen years of age, to-wit, "over the age of thirty years;" that the prosecutrix "was under the age of eighteen years, to-wit, of the age of fifteen years;" and that the accused "admitted that he had carnal intercourse" with the prosecutrix. The record further shows that there was a conflict between the testimony of the accused and that of the prosecutrix as to which made "the first advance," the

accused testifying, as certified in the record, "that the first advance as between the accused and said Clara Stuart was made by her, in this that she sat in his lap and hugged and kissed the said Bibbs, but Clara Stuart testified that he made the first advance."

It is further certified in the record that "The defendant introduced witnesses to prove the character of the said Clara Stuart. And on the objection of the Commonwealth the defendant stated to the court that the object of the evidence was to show that the said Clara Stuart was a strumpet of the very worst sort, and had been long before the time and after the offense charged in the warrant, and further stated that the further purpose of such testimony was to negative any inference or evidence that the said Clara Stuart was caused or encouraged by the accused to commit the act alleged in the warrant." The court refused to allow the evidence last mentioned to be introduced, the accused excepted to this ruling of the court, and the action of the trial court in this particular is the sole assignment of error on this appeal.

*Will A. Cook* and *Geo. L. Browning,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court.

[1] It does not appear from the record whether the excluded evidence was concerning the specific acts of, or the general reputation of, the prosecutrix for unchastity. By the great weight of authority, even if under the statute in-

volved the accused had been entitled to introduce in his defense the bad character of the prosecutrix for chastity, the accused would have been restricted to proof of the general reputation of the prosecutrix in that regard—no evidence of specific acts of unchastity being admissible even in such case. We therefore assume that the excluded evidence offered by the accused was directed to the proof of such general reputation of the prosecutrix. So considering the matter, the sole question presented by the record in this case for our decision is the following:

· [2]   1. Did the trial court err in refusing to permit the accused to introduce evidence to prove the bad general reputation of the prosecutrix for chastity?

This question must be answered in the negative.

[3-5]   That the accused should have *caused* the prosecutrix to commit the misdemeanor mentioned in the warrant is not an essential element of the offense of which the accused was convicted. Under the statute involved, if the accused, who was over eighteen years of age, *encouraged* the prosecutrix, who was under the age of eighteen years, to commit the misdemeanor, he was guilty of the statutory offense. Now it appears from the record that the accused "admitted that he had carnal intercourse" with the prosecutrix. He therefore, in any aspect of the case, was a willing participant with her in the commission of the misdemeanor aforesaid. Such participation, in itself alone, as we think, encouraged the prosecutrix to commit such misdemeanor, and made the accused guilty under the statute. Even if it were true that the prosecutrix made the first advance, that did not justify the accused in encouraging her to commit the misdemeanor by yielding to her solicitation. When read along with other humane statutes of the State on the subject of the reclamation of those of an age making that effort possible of success in some cases, it is apparent that the general purpose of the statute involved in

this case is one in aid of such reclamation. One of the specific mischiefs and evils against which the statute is directed is manifestly the aiding or abetting, by any one who has reached the age of discretion named in the statute of over eighteen years of age, the commission of "any misdemeanor" by a person who has not reached that age. The more depraved the latter person may be and the greater the disposition and inclination of the latter to commit the misdemeanor, the greater the need that all other persons, and certainly those who have reached an age of discretion, should not in any way encourage the immature person in the depraved conduct, least of all by participating in such conduct.

The assignment of error under consideration is based upon the mistaken position that although the prosecutrix was a child of the immature age mentioned in the statute, and the accused was of the age of discretion mentioned therein of over eighteen years (being, indeed, thirty years of age), and if she was so depraved as to make the first advance toward the commision of the misdemeanor, the child must be regarded as having caused or encouraged the commisson of the misdemeanor and not the accused. This position regards the parties as of equal years of discretion, and as fitted to deal with each other on equal terms, and ignores the purpose of the statute aforesaid.

It is not claimed for the accused that there is any authority directly in point sustaining the assignment of error aforesaid; but the cases of *Brown* v. *Smith,* 72 Md. 468, 20 Atl. 186, and *State* v. *Gibson,* 111 Mo. 92, 19 S. W. 980, are relied on as strongly analogous. We do not consider these cases in point. As appears from a reading of them, the statutes there involved were very different from the Virginia statute under consideration, and the offenses created by those statutes are different from that of which the accused in the case before us stands convicted. The Mary-

land statute (Code, art. 27, sec. 1) involved in the *Brown Case,* made it a crime to "entice or persuade" a girl under the statutory age "from the custody or control of her parents for purposes of prostitution;" whereas the Virginia statute makes it a crime to "encourage" any child under the statutory age "to commit any misdemeanor." The Missouri statute, involved in the *Gibson Case,* as therein held, made the previous chaste character of the prosecutrix an essential element of the offense.

The judgment under review will be affirmed.

*Affirmed.*