# Richmond

## NORWOOD WILSON v. COMMONWEALTH.

January 14, 1932.

Present, Campbell, C. J., and Holt, Epes and Browning, JJ.

The opinion states the case.

*Heflin & Adams, Richard H. Mann* and *Kirsh & Bazile*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Allen & Jefferson* and *Archer L. Jones*, for the Commonwealth.

EPES, J., delivered the opinion of the court.

This is an ouster proceeding under section 2705 of the Code of Virginia instituted in the Corporation Court of the city of Hopewell by a petition filed by three citizens and taxpayers of the city, who ask that a rule issue against Norwood Wilson, a member of the city council, requiring him to show cause, if any he can, why he should not be removed from office.

The jury returned a verdict finding Wilson guilty of misfeasance, upon which the court entered judgment ousting Wilson from office.

The several assignments of error made by Wilson are as follows:

"1. The court erred in overruling your petitioner's demurrer to the rule issued against him in this case.

"2. The court erred in selecting and impanelling the jury.

"3. The court erred in reading your petitioner's affidavit as to the prejudice of the jurors and examining the clerk with reference to the same in the presence of the jury.

"4. The court erred in giving instructions offered by the Commonwealth and of its own motion and in amending and refusing certain instructions offered by your petitioner.

"5. The court erred in overruling the motion of your petitioner to set aside the verdict of the jury and grant your petitioner a new trial.

"6. The court erred in overruling your petitioner's motion to suspend the execution of its judgment removing your petitioner from office."

All the justices participating in the decision of this case are of opinion that the second assignment of error is well made, and that the case must be reversed because of the error therein complained of; but all other matters are left open.

Counsel for Wilson moved the court to quash the writ of *venire facias* on the ground that the original jury for the February term of the Corporation Court of the city of Hopewell, which was the jury in attendance upon court for the trial of this case, had been drawn less than ten days before the beginning of the term in violation of section 5992 of the Code. Counsel for the Commonwealth concurred in this motion, saying: "We concur in the motion and ask the court to issue an alias writ of *venire facias* right now, because this goes to the objection to the writ and not to the jurors themselves. * * * We ask the court to resummon the same jury with such additions as the court may deem necessary." Whereupon counsel for the accused objected to the summoning of the same jurors, calling the attention of the court to the Code provisions relating to the subject.

The court sustained the motion and quashed the writ, and then proceeded to select from the jury list the names of the nine jurors named in the quashed writ who were present and three other names; and directed that an alias writ issue requiring the summoning of these twelve, which was done.

Counsel for the accused then moved that the new writ be quashed on the ground that the jurors had been selected by the judge from the jury list, instead of having been drawn from the jury box as is required by section 5991 and section 5992.

The point made by the accused is that section 5999, under which the court acted in making up the list for the second *venire facias*, does not authorize the court to select the names of the jurors from the jury list where the original writ of *venire facias* has been quashed for any cause.

Section 5991 of the Code provides: "All jurors required for the trial of civil cases * * * shall be selected by drawing ballots from the said box" (*i. e.* jury box) "in the manner prescribed in this chapter." One of the methods prescribed by section 5992 is that they may be drawn by the clerk in the presence of the judge.

Section 5999, as amended by Acts 1924, page 764, provides: "When by reason of challenge or otherwise, a sufficient number of jurors summoned cannot be obtained for the trial of any case, the court shall select from the names on the list provided for by sections 5988 and 5990, the names of, and cause to be summoned, so many persons as may be deemed necessary."

We find no case in which section 5999 has been construed by this court; but it is almost identical in its provisions with section 4019, Pollard's Code, 1904, which was construed by this court in *Hoback* v. *Com.*, 104 Va. 871, 52 S. E. 575, 576, which reads: "In any case of felony, when a sufficient number of jurors to constitute a panel of sixteen free from exception cannot be had from those summoned and in

attendance, the court may direct another *venire facias*, and cause to be summoned from the by-standers, or from a list to be furnished by the court, so many persons as may be deemed necessary to complete the said panel."

The theory of the law as provided by section 5999 and the preceding sections of the present Code, and of section 4019 and preceding sections of the Code of 1904, is in this particular the same, *i. e.*, the parties are entitled to start with a validly drawn jury, or a jury developed by orderly procedure from a validly drawn jury as its nucleus.

In construing section 4019, Pollard's Code, 1904, this court says, in *Hoback* v. *Com.*, *supra:* "Mr. Abbott, in his Law Dictionary, volume 2, page 364, defines the term 'quash' as follows: 'To annul, overthrow or vacate by judicial decision.' When, therefore, the first writ was quashed, it was annulled, overthrown or vacated; in other words, it was as though it had never been issued, and the court was without a jury present from which to make up a panel. The persons present, who had been summoned under the first writ, were mere by-standers, and were no longer under the control of the court. The list was a part of the writ, and when the latter was annulled by the court's action, the former was vacated also. After quashing the writ, the only course open to the court was to begin *de novo* and have a jury drawn and summoned in accordance with the provisions of section 4018. When the opportunity for a drawn jury, provided by section 4018 has been given, and jurors summoned, and the panel cannot be completed from that number, then under section 4019 the judge, to expedite the trial, may select the persons to be summoned to complete the panel; but section 4019 has no application in a case like this, where there was no panel to complete."

What is there said with reference to section 4019, Code 1904, is applicable also to section 5999, Code 1919, as amended.

The General Assembly has, since the opinion in the *Hoback Case* was rendered, amended section 4019, Code 1904 (now section 4896, Code 1919, as amended by laws 1924, chapter 478), so as to expressly authorize the judge to select a jury from the jury list "when the *venire facias*, or panel, has been quashed for any cause." But it has not so amended section 5999 relating to civil cases. Why it should be permitted to be done in a felony case, but not in a civil case, is not apparent, and perhaps it is due to an oversight on the part of the General Assembly. But be that as it may, the power to legislate in this, or any other particular, rests in the General Assembly and not the court.

The court erred in not having a jury drawn from the jury box upon the quashing of the original *venire facias*.

*Reversed and remanded for a new trial.*