# Richmond

RANDOLPH ELKINS V. COMMONWEALTH.

November 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*John B. Spiers* and *W. S. Roop,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error, Randolph Elkins, was tried by the civil and police justice of the city of Radford, upon a warrant charging him with causing and encouraging a female child under the age of eighteen years to commit a misdemeanor, to-wit, fornication. He was found guilty and his punishment fixed at a fine of $25 and confinement in jail for a period of thirty days. From that judgment the defendant appealed to the corporation court, where a trial by a jury was had, and he was again found guilty and his punishment fixed at a fine of $100 and six months' confinement in jail.

It is assigned as error that the court erred in permitting, over the objection of the defendant, only six

jurors to constitute the panel from which the jury of five was to be selected to try the defendant, instead of seven as provided by law.

It is conceded by the Attorney-General that "the record shows that at every stage of the proceeding the accused objected and excepted to the impaneling of only six jurors, to the ruling of the court in refusing to set aside the verdict on this ground and to the ruling of the court in refusing to grant him a new trial on this ground." In view of the *concessum,* no question of waiver of rights by the accused is involved in the disposition of the first assignment of error.[1]

Section 8 of the Constitution of Virginia provides *inter alia*:

"That in all criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with the accusers and witnesses, to call for evidence in his favor, and to a speedy trial by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty. * * *

"Laws may be enacted providing for the trial of offenses not felonious by a justice of the peace or other inferior tribunal without a jury, preserving the right of the accused to an appeal to and a trial by jury in some court of record having original criminal jurisdiction. Laws may also provide for juries consisting of less than twelve, but not less than five, for the trial of offenses not felonious, and may classify such cases, and prescribe the number of jurors for each class."

The last paragraph of section 8 of the Constitution provides that the accused, upon a plea of not guilty, may, with the consent of the Commonwealth's attorney and of the court entered of record, be tried by a smaller number of jurors, or waive a jury.

---

[1] A person on trial for misdemeanor may waive all irregularities as to the manner in which the jury is organized and constituted, especially where such waiver is provided by statute. *Bowen* v. *Commonwealth,* 132 Va. 598, 111 S. E. 131.

In the exercise of its legislative authority the General Assembly enacted section 4927 of the Code of 1919, which provides, among other things, that "seven jurors shall constitute a panel in the trial of misdemeanors, but the jury therefor shall be composed of five."

██ In the absence of waiver of any rights upon the part of the accused when charged with a misdemeanor, section 4927 is mandatory.

In *Hall's Case,* 80 Va. 555, Judge Lewis said: "These provisions of the statute, in respect to impaneling juries, are not directory merely, but imperative. They are rules which are made essential in proceedings involving life or liberty, and it is the right of the accused to demand that they be strictly complied with. The disregard of them is to deprive the accused of that 'due process of law' which is provided by the legislature, and which is required by the fundamental law of the land."

In *Looney's Case,* 115 Va. 929, 78 S. E. 625, 627, Judge Whittle emphasizes the importance of a strict adherence to the statutory provisions governing the trial of criminal cases, and employs this language:

"The importance of the observance by the courts of these safeguards thrown around the accused cannot be overstated. As was well said by Judge Harrison in *Hoback's Case,* 104 Va. 871, 879-80, 52 S. E. 575, 578: 'Jurors as triers of the fact wield far more power than the judge on the bench in the trial of an accused person, and the legislature has seen fit to safeguard the rights of the Commonwealth and the accused by the enactment of mandatory provisions for the constitution of this important branch of the judicial system, which the courts are not at liberty to disregard, even if they deemed it expedient to do so.' "

██ In those cases the accused were charged with a felony, but in principle there is no difference between the trial of an accused upon a felony charge and his trial upon a misdemeanor charge involving his liberty. The

formalities are in effect the same, and no departure from a strict observance of the statutory provisions should be permitted over the protest of the accused. To permit such a departure upon the ground of expediency—as was done in the case at bar—"is to deprive the accused of that 'due process of law' which is provided by the legislature, and which is required by the fundamental law of the land."

The first assignment of error is well founded and the action of the trial court constitutes reversible error.

The second assignment of error challenges the action of the trial court in permitting, over the objection of the accused, alleged improper argument upon the part of counsel assisting the Commonwealth's attorney.

It appears from the Certificate of Exception No. II that six witnesses summoned for the accused were not called upon to testify. The inference we draw from the brief of accused is that the witnesses would have testified, if permitted to do so, that the prosecutrix was a prostitute prior to the commission of the alleged offense by the accused. However, counsel for defendant were of opinion at the trial that under the doctrine of the case of *Bibbs* v. *Commonwealth*, 129 Va. 768, 106 S. E. 363, such evidence was inadmissible, and refrained from calling the witnesses to the stand.

In the closing argument of the attorney assisting in the prosecution, this statement was made:

"'* * * the defense had his witnesses summoned, but did not put them on the stand and if they had intercourse with the prosecutrix, why did he not prove it * * * 'who said the prosecutrix had intercourse with other men,' * * * the witnesses of the defendant in court did not go on the stand and testify that they had intercourse with the prosecutrix * * *.'"

In the brief of the Attorney-General this appears:

"Objection to each of these statements was made by the accused upon the ground that in a case of this character.

he had no legal right to prove other acts of intercourse. The objection was overruled.

"Under the doctrine of the case of *Bibbs* v. *Commonwealth,* 129 Va. 768, 106 S. E. 363, it is very true that the accused could not have introduced evidence tending to show specific acts of unchastity, nor could he have introduced evidence tending to show the bad character of the prosecutrix for chastity.

"This being the case, the Commonwealth can find no justification for these remarks."

The statement of counsel was highly improper, without justification, and it was error for the trial court to overrule the objection of the accused.

The judgment complained of will be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed and remanded.*

EPES and HUDGINS, JJ., concurring:

We concur in the opinion of the court; but that our position may not be misunderstood, we feel that we should make this observation.

We are of opinion that upon principle in a case such as this evidence of the prior unchastity of the female should be admitted upon the question of the punishment which should be inflicted upon the accused, if guilty; and in concurring in the opinion of the court we wish to make it plain that we are not to be understood as having expressed a contrary view.

In the case of *Bibbs* v. *Commonwealth,* 129 Va. 768, 106 S. E. 363, the evidence rejected was offered as bearing on the guilt of the accused, and not in mitigation of the punishment.