# Richmond

JOHN R. FRY V. COMMONWEALTH OF VIRGINIA.

January 17, 1935.

Present, All the Justices.

The opinion states the case.

*R. L. Hicks* and *John P. Flannagan,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

The accused, John R. Fry, stands convicted of rape by force. He is a taxi driver and lives in Richmond. The prosecutrix, Mrs. Nora Brooks, is a widow with three children and lives in Hopewell. The offense itself is charged to have been committed in Amelia county on September 10, 1933. There was a jury trial and verdict on September 30, 1933.

The evidence is nauseous and unfit to print. We shall not attempt to restate it. While that for the Commonwealth, if implicitly believed, will sustain the verdict, yet it is so contrary to human experience that we cannot accept

it, unless there is more corroboration than is shown here. In that sense it is incredible.

It follows that the defendant's motion to set aside the verdict as contrary to the evidence should have been sustained.

Since there may be another trial it is proper that we dispose of two other assignments of error. The same questions might again arise.

██ The court permitted the introduction of testimony tending to show that the reputation of the prosecutrix for truthfulness was good. The mere fact that one has testified does not warrant the introduction of such evidence, and it is not competent until character is brought in question. Witnesses are presumed to be truthful just as they are presumed to be sane. It would but cumber the record to bring into it testimony to support a presumption which nobody questioned. But when it is questioned, either directly or in cross-examination, it is both competent and valuable.

██ In *Miller* v. *Harless*, 153 Va. 228, 149 S. E. 619, 623, 68 A. L. R. 1102, Prentis, C. J., quotes with approval this statement of the Virginia rule made by Burks, J., the elder, in *George* v. *Pilcher*, 28 Gratt. (69 Va.) 312, 26 Am. Rep. 350: "We are not aware that the precise question passed upon by these decisions has ever come before this court for determination until now, and in the condition of authorities in other States we are called upon to declare the true rule in Virginia; and we are of opinion that whenever the character of a witness for truth is attacked, either by direct evidence of want of truth, or by cross-examination, or by proof of contradictory statements, in regard to the material facts, or by disproving by other witnesses the material facts stated by him in his examination; or in general, whenever his character for truth is impeached in any way known to the law, the party calling him may sustain him by evidence of his general reputation for truth. The rule, as we declare it, has, we believe, been generally regarded as the true rule by the bench and bar of this State, and has

been generally followed in the practice." See also 2 Wigmore on Evidence, section 1104.

It is not only competent in said circumstances but it is competent where the statements of the witness are of such a character as to strain credulity. It is, however, often a matter in the sound discretion of the trial judge.

██ All of these conditions obtain here. The statements of the prosecutrix were in some instances quite unusual. She was subjected to a critical cross-examination and she was contradicted on material matters by other witnesses. The trial court committed no error in this.

██ It is also said the defendant should have been permitted to introduce evidence to show the moral character of Mrs. Brooks. This question is not fairly raised but it is possible that it may hereafter be properly presented. It is *proper in rape cases as bearing on the question of consent.* *Bailey* v. *Com.,* 82 Va. 107, 3 Am. St. Rep. 87; *Fry* v. *Com.,* 82 Va. 334; 1 Wigmore on Ev., section 200; Wharton's Crim. Ev. (10th Ed.) vol. 1, p. 480; 52 C. J. 1079. This rule may sometimes subject an innocent woman to additional humiliation, but surely, to use an extreme illustration, a prisoner should be permitted to show that the prosecutrix was a notorious inmate of a house of ill fame as supporting his claim that the act was accomplished not by force but with consent. Of course, this rule does not apply where the prosecutrix is under the age of consent. In such case it is admissible only in mitigation of punishment.

It is not competent in a simple attack on credibility. *Cutchin* v. *City of Roanoke,* 113 Va. 452, 473, 74 S. E. 403; *Fenner* v. *Com.,* 152 Va. 1014, 148 S. E. 821.

For the reasons stated this case is reversed and remanded. If new evidence is uncovered, it should be tried again; if the Commonwealth's case cannot be strengthened, another trial would be useless.

*Reversed and remanded.*