# Richmond

JAMES DOTSON V. COMMONWEALTH OF VIRGINIA.

April 28, 1938.

Present, All the Justices.

The opinion states the case.

*S. H. & George C. Sutherland,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

James Dotson was convicted of statutory rape on a girl alleged to be fifteen years of age and sentenced to confinement in the penitentiary for a period of five years.

The errors assigned are confined to the admission and rejection of evidence.

The Commonwealth, over the objections of the accused, introduced a paper, alleged to be signed by Federal officers in West Virginia, stating that Eva Lorine Landreth, prosecutrix, was born in Panther, West Virginia, on June 28, 1921. This paper does not purport to be a copy of statistics taken from the official files of the Bureau of Census in Washington; nor does it show on its face that it is a certified copy of one of the official records of West Virginia enumerated in Code, section 6198. It has the appearance of an official document, but it is not duly authenticated.

This being true, its introduction before the jury might well have been regarded by them as conclusive proof of the allegation that the prosecutrix was only fifteen years of age at the time of the commission of the alleged offense. The accused offered proof tending to show that she was several years older. Under these circumstances the admission of the certificate as evidence constituted prejudicial error.

The trial court rejected all evidence offered by the accused tending to show that the prosecutrix had had intercourse with other men. Her appearance on the witness stand indicated that she was pregnant. To that extent her appearance was corroborative of the fact that she had had intercourse. The accused not only denied having had intercourse with her but offered evidence tending to prove that another man was the guilty party.

The charge in *Bibbs* v. *Commonwealth,* 129 Va. 768, 106 S. E. 363, was under the provisions of Code, section 1923, for contributing to the delinquency of a female under the age of eighteen years. It was held that evidence tending to show bad reputation of the prosecutrix for chastity, or other specific acts of immorality, was not admissible. The opinion did not discuss the question of whether or not such evidence was admissible in mitigation of punishment. In *Fry* v. *Commonwealth,* 163 Va. 1085, 177 S. E. 860, it was held that such evidence is admissible in a prosecution for rape, but that where the prosecutrix is under the age of consent the evidence is admissible only in mitigation. See *Elkins* v. *Commonwealth,* 161 Va. 1043, 171 S. E. 602.

Code, section 1923, was amended in 1934, Acts 1934, ch. 313, by the adoption of the following provision: "Where the offense consists of having or attempting to have intercourse with any female child under the age of eighteen years, the fact that such female was not of previous chaste character or had been married may be shown in mitigation." Thus, by statute and the two cases above cited, the rule announced in *Bibbs* v. *Commonwealth, supra,* has been changed.

The accused asked the prosecutrix on cross-examination if she had not stated that one Junior Justus was the father of her unborn child, and that, since he was not making much and the accused had a good job, she had decided "to law him." The trial judge informed counsel for the accused that these statements were collateral and that he would not be permitted to introduce testimony to contradict the witness. Answers to the questions were not given before the jury. Later counsel for the accused informed the court that at least two of his witnesses, if permitted to testify, would say that the prosecutrix had made the alleged statements to them. This testimony was rejected.

The question now under consideration is, whether such evidence is admissible to discredit the entire testimony of the prosecutrix. The general rule is that, where the prosecutrix is under the age of consent, evidence of prior acts of unchaste conduct with other men is inadmissible for the purpose of impeachment. See *State* v. *Apley,* 25 N. D. 298, 141 N. W. 740, 48 L. R. A. (N. S.) 269, and note; 22 R. C. L. 1211. The narrow issue is whether or not the accused has had intercourse with the girl. Other men may be guilty of the same crime. This fact may mitigate the punishment, but it does not exonerate the accused.

As usual in cases of this nature the prosecutrix and the accused were the two principal opposing witnesses. The apparent pregnancy of the prosecutrix was corroborative of her testimony that a crime had been committed. The accused, to meet the case the Commonwealth made against him, denied he was the guilty agent and offered to introduce testimony tending to show that another not only had the opportunity to commit the crime but had in fact committed it. In addition he offered to prove that the prosecutrix, prior to the institution of the criminal proceedings against the accused, had told two of her intimate friends that another, and not the accused, was responsible for her condition, and that she and her friends were impelled by an ulterior motive to "law" the accused.

In *State* v. *Malmberg,* 14 N. D. 523, 105 N. W. 614, 615, this is said: "There is a wide distinction between evidence which affects the general credibility of a witness and evidence which affects the credibility of a witness' testimony in a specific case. Both are proper subjects for cross-examination."

"The prosecutrix is generally, as in this case, the only witness who can give direct testimony as to the facts constituting the crime, and the defendant alone, as in this case, can directly deny those facts. In the nature of things, therefore, the verdict to be given depends almost entirely upon the relative weight and credibility of the conflicting testimony of these two witnesses. This case, therefore, is one which especially demanded latitude of cross-examination, because that was to a great extent the only effective means by which to determine the weight and credibility of the two principal opposing witnesses. It was important that the cross-examination should extend to every fact and circumstance within reasonable limits which might tend to disclose improbabilities or inconsistencies in the witness' narrative of the facts, or which might tend to discredit the witness generally, or detract from the weight or credibility of his or her testimony in the particular case by reason of improper influences which might induce him or her to falsify." *State* v. *Hazlett,* 14 N. D. 490, 105 N. W. 617, 619.

█ Assuming that the prosecutrix was under sixteen years of age, her pregnancy conclusively established the fact that a crime had been committed. Her testimony was the only direct evidence pointing to the accused as the guilty agent. Her prior statements, if true, incriminated the third party and necessarily exonerated the accused of the particular crime for which the Commonwealth relied upon pregnancy to corroborate, as two men can not be the joint father of a child. On this point the evidence excluded was material, as it tends not only to exonerate the accused but to show an improper motive in instituting the prosecution against him. While such evidence may not be conclusive of his guilt or innocence, it is corroborative of his testimony

and he is entitled to have the jury consider it along with the other evidence in the case. See Va. L. R., vol. 24, p. 335.

For the reasons stated, the judgment of the trial court is reversed, the verdict of the jury set aside and the case remanded for a new trial to be had in accordance with the views herein expressed.

*Reversed and remanded.*