Statement.

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

O. V. FOY V. COMMONWEALTH.

March 16, 1922.

Absent, West, J.

1. ASSIGNMENT OF ERROR—*Refusal of Trial Court to Allow Witness to Answer—Answer Expected.*—An assignment of error to the refusal of the trial court to allow a witness to answer a question will not be considered on appeal, unless the record shows what answer was expected.

2. ASSIGNMENT OF ERROR—*Refusal of Trial Court to Allow Witness to Answer—Answer Expected—Religious Belief.*—In the instant case it was assigned as error that the trial court refused to allow a witness for the Commonwealth to be asked on cross-examination the question, "What is your religious faith?" It was urged that the object of the question was to show that if the witness was of a certain religious faith, he had not been properly sworn. The record did not disclose how the witness was sworn, nor show what answer the witness would have made.

*Held:* That there was no error in the action of the lower court.

3. CRIMINAL LAW—*Arraignment and Plea—Misdemeanor Cases.*—Under section 4889, Code of 1919, no arraignment or plea of the accused is necessary in a misdemeanor case.

Error to a judgment of the Hustings Court of the city of Portsmouth.

*Affirmed.*

The accused was tried by jury, convicted of violating the prohibition law of the State, and the judgment under review was entered accordingly.

There are but two assignments of error.

*Frank L. Wilson,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court.

The first assignment of error is that the trial court refused to allow a witness for the Commonwealth to be asked on cross-examination the question: "What is your religious faith?"

It is urged in argument for the accused that the object of the question "was to show that if the witness was of a certain religious faith, he was not properly sworn, and, therefore, was not under oath, and that his testimony was not evidence."

[1, 2] The record does not disclose how the witness was sworn; nor does it show what answer the witness would have made; nor that there was any avowal of what answer he was expected to make to the question.

It is well settled that an assignment of error to the refusal of the trial court to allow a witness to answer a question will not be considered on appeal, unless the record shows what answer was expected. *Washington, etc., Co.* v. *Goodrich,* 110 Va. 692, 66 S. E. 977, and a number of other Virginia cases on the subject which might be cited.

[3] 2. The remaining assignment of error is that the trial court should have set aside the verdict because it does not appear from the record that the accused was arraigned upon or pleaded to the charges contained in the indictment; the record showing merely that the accused was present when his case was called and announced that he was ready for trial, whereupon, the Commonwealth having made the like announcement, the jury were sworn and the trial proceeded to the verdict and judgment.

This is a misdemeanor case. It is well settled that under the statute (section 4889, Code 1919), no arraignment or plea of the accused was necessary. *Bare* v. *Commonwealth,* 122 Va. 783, 94 S. E. 168.

The case will be affirmed.

*Affirmed.*