# Wytheville.

## ROBERT ZIMMERMAN v. COMMONWEALTH.

### June 16, 1927.

1. INTOXICATING LIQUORS—*Presence of Accused at Still—Prima Facie Presumption of Guilt—Rebuttal Question for Jury—Case at Bar.*—Under Code of 1924, section 4675 (20), the presence of the accused at a still where distilled ardent spirits were being manufactured, alone makes out a *prima facie* case of guilt of manufacturing distilled ardent spirits against the accused. This presumption may be rebutted, but the question as to whether it has been rebutted is usually one for the jury, especially where there is other incriminating evidence.

2. INTOXICATING LIQUORS—*Presence of Accused at Still—Sufficiency of Evidence to Rebut Presumption—Case at Bar.*—In the instant case, the accused contended that he had rebutted the presumption of guilt arising from his presence at a still at a time when distilled ardent spirits were being manufactured. Accused testified and gave an innocent explanation of his presence at the still, but there were other circumstances which tended to establish his guilt and throw doubt on the truth of his explanation. Thus the officers arresting him testified that accused said after being arrested that water had been thrown on the still to cool it down. Accused just before his arrest gave warning by crying out to the others at the still and he himself undertook to escape by flight. He had a bottle on his person containing whiskey and he was armed with a pistol.

   *Held:* That these circumstances were sufficient to carry the question, of whether the presumption of guilt arising from the accused's presence at the still had been rebutted, to the jury.

3. JEOPARDY—*Necessity of Plea—Rule 22 of the Supreme Court of Appeals.*—Where no plea of former jeopardy was filed and no question of former jeopardy was raised in the trial court as required by Rule 22 of the Supreme Court of Appeals, the question of former jeopardy cannot be considered on appeal.

**Error** to a judgment of the Circuit Court of Bedford county.

*Affirmed.*

The opinion states the case.

*Landon Lowry,* for the plaintiff in error.

*John R. Saunders, Attorney-General, and Leon M-Bazile* and *Lewis H. Machen, Assistant Attorneys. General,* for the Commonwealth.

Chichester, J., delivered the opinion of the court.

Robert Zimmerman was, on the 26th day of January, 1926, tried and convicted upon two indictments charging violations of the prohibition law. Indictment No. 1 charged Zimmerman with unlawfully and feloniously manufacturing ardent spirits. Indictment No. 2 charged him with manufacturing ardent spirits, and, at the time of such manufacture, that he did feloniously carry on his person, within 100 yards of the place where the ardent spirits were being feloniously manufactured, a firearm, to-wit, a pistol. By consent, the indictments were tried together.

On the first indictment, the jury fixed the punishment at six months in jail and a fine of fifty dollars, and on the second indictment at six months in jail. Motion was made in each case to set aside the verdict as contrary to the law and the evidence, and to grant the accused a new trial, but the court overruled the motions, and entered judgments against the accused. These judgments are before this court for review upon writs of error duly awarded thereto, and are heard together here upon the single assignment of error, that the evidence is insufficient to support the verdict in each case.

A fair summary of the salient facts (and they are undisputed) is that on October 27, 1926, five officers

raided a still about ten miles southeast of the town of
Bedford about 9 o'clock at night. The officers were
in hiding around the still and saw a number of men
there. The accused came from the still to where Of-
ficer J. D. Watson was hiding, about thirty steps from
the still, and was placed under arrest after he had
yelled, run away and fallen down. At the time the
accused had in his pocket a .32 Colt pistol and a pint
bottle about half full of liquor. When Zimmerman
halloed and ran, the other men at the still knocked over
a lantern and ran away and escaped arrest. Officer
J. M. Watson testified that he thought he recognized
the voice of the accused before he had seen any one at
the still. Three of the officers said that the accused,
after being arrested, said that water had been thrown
on the still to cool it down. The accused was con-
victed in 1920 of having whiskey in his possession
and paid a fine and served a jail sentence therefor.
The accused testified in his own behalf that on the
evening in question he had gone into the woods in-
tending to join Mr. E. O. Franklin in opossum hunting,
but did not have any previous engagement to go hunt-
ing with him that night; that he was in the habit of
carrying a pistol with him when he went hunting; that
he came across a still being operated by three strangers
who told him to go away, and one of them presented
him with a pint bottle with a small quantity of whiskey
in it; that he stopped at the still only a minute or two
and had gone about fifty yards from the still when
Officer Watson called to him to halt and pointed a
pistol at him; that he was frightened and ran away;
that he had the pistol and the bottle of whiskey in his
pocket at the time of his arrest; that he did not re-
member saying anything about water being poured on
the still to cool it off. E. O. Franklin testified that

he and the accused had frequently joined each other at night in the woods to hunt without having previously made an engagement. Seven witnesses testified to the good reputation of the accused after his arrest and conviction for violating liquor laws in 1920.

One paragraph of section 4675 (20) of the Virginia Code provides: "All persons found at a distillery where ardent spirits are being manufactured shall be deemed *prima facie* guilty of manufacturing the same or aiding and abetting in such manufacture, and upon conviction thereof shall be subject to the same penalties as if personally manufacturing the same."

[1] Under this section, the presence of the accused at the still where distilled ardent spirits were being manufactured, alone makes out a *prima facie* case of guilt of manufacturing distilled ardent spirits against the accused. This presumption may be rebutted, but the question as to whether it has been rebutted is usually one for the jury, especially where there is other incriminating evidence.

In the case of *Messer* v. *Commonwealth*, 145 Va. 838, 133 S. E. 761, the presumption of unlawful possession of ardent spirits arising from the finding of whiskey in the room occupied by the accused at a hotel was held to have been rebutted, as a matter of law, because the presence of the ardent spirits in his room was the only circumstance connecting him with the possession, and the presence of the liquor in the room was explained by the confession of a colored boy, who admitted he put it there without Messer's knowledge, when he heard the officers coming.

[2] The accused contends that in the instant case he has rebutted the presumption of guilt arising from his presence at the still, and that this case is controlled by the *Messer Case* and cases of like character.

We do not think so. There are other circumstances which tended to establish the guilt of the accused and to throw doubt upon the truth of his explanation of his presence at the still, which were sufficient to carry the question of whether the presumption of guilt arising from his presence at the still had been rebutted, to the jury. These circumstances are set out in the summary of facts above narrated. It is not necessary to reiterate them here further than to say that when confronted by an officer, he gave warning by crying out to others at the still, who escaped, and he himself undertook to escape by flight. He had a bottle on his person containing whiskey, and he was armed with a pistol.

The instant case is controlled by the cases of *Johnson* v. *Commonwealth*, 142 Va. 639, 128 S. E. 456, and *Kilgore* v. *Commonwealth*, 139 Va. 581, 123 S. E. 534. In the former case, Johnson, a colored man, and three white men, were arrested at a still. They all testified that Johnson had no interest in the still, and was only standing by looking on, and he testified that he was attracted to the still by curiosity, having seen smoke issuing from the woods. However, there were three incriminating circumstances, in addition to his presence, which in view of section 20, *supra*, of the prohibition act, this court held were sufficient to sustain the conviction. The court said: "In view of this section, and the testimony for the Commonwealth as to the position of the accused, and that he was looking sharply about the surrounding country from time to time, first to the right and then to the left, as if he were on the lookout, the flight of the accused and his bad reputation as a violator of the prohibition law, we are unable to say that the verdict of the jury was plainly wrong. The judgment of the trial court will be affirmed."

In the instant case, we cannot say that the verdict is plainly wrong. It is equally as strong, if not stronger, from the standpoint of the Commonwealth, than the *Johnson Case*, and the judgment of the trial court in this case (indictment No. 1) will be affirmed.

It follows that if the accused was guilty of manufacturing ardent spirits, he was also necessarily guilty of having on his person a firearm, within 100 yards of the place where the ardent spirits were being manufactured.

[3] No plea of "former jeopardy" having been filed (see *DeBoer* v. *Commonwealth*, 147 Va. 671, 137 S. E. 469), and no qeustion having been raised in the trial court, as required by Rule 22 of this court, under section 4775 of the Code, which provides that "if the same act be a violation of two or more statutes, * * conviction under one of such acts * * shall be a bar to a prosecution or proceeding under the other or others," the judgment under indictment No. 2 will also be affirmed.

*Affirmed.*