# Staunton

SAM MCWILLIAMS v. COMMONWEALTH.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*D. F. Kennedy,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

CHINN, J., delivered the opinion of the court.

Sam McWilliams was convicted by a Justice of the Peace upon a warrant charging him with contributing to the delinquency of Ralph Hall and Alex Hall, children under the age of eighteen years. On appeal to the Circuit Court of Wise county, he was found guilty by a jury and assessed with a fine of $50, for which the court entered judgment.

Two errors are assigned in the petition:

It is first contended that the court erred in overruling the defendant's motion to quash the warrant upon which the appeal was taken, and in permitting the attorney for the Commonwealth, over the defendant's objection, to amend the warrant.

The pertinent part of the warrant in question originally read as follows:

"Whereas, Ray Miller and Alex Hall has this day made complaint and information, on oath, before me, J. T. Hamilton, JJC, A Justice of the Peace of said county, that Sam McWilliams on the ........ day of January, 1934, in said county, did unlawfully delinquency of" certain children (naming them) "under the age of eighteen years, and cause them to commit a misdemeanor," etc.

The court permitted the warrant to be amended by inserting the words set forth in italics so as to charge that the accused "did unlawfully *contribute to the* delin-

quency" of certain named children, "under the age of eighteen years, and cause them to commit a misdemeanor; *to-wit: did unlawfully induce, cause and encourage said children to take, steal and carry away coal of the value of $1.00, the property of the Interstate Railroad."*

Section 1923 of the Code provides for the punishment of any person over eighteen years of age who shall cause or encourage any child under the age of eighteen years to commit a misdemeanor, or who shall induce, cause, encourage or contribute toward the dependency, neglect or delinquency of any such child.

Objection was made to the original warrant on the ground that it charged no offense, and the question is whether the amendments allowed by the court are authorized under section 4989 of the Code (as amended by Acts 1932, chapter 172), which provides that amendments may be made to the original warrant in any respect in which it appears defective.

As said by this court in *Collins* v. *City of Radford,* 134 Va. 518, 113 S. E. 735, 737: Trials on appeal to the circuit court are required "to be conducted without formal pleadings (Code, section 4990); and the fullest provision is made for all amendments of the original warrant 'in any respect in which it appears to be defective.' (Code, section 4989.) Under the broad terms of the section last cited, if there had been, as there clearly was not, any substantial reason to suppose that the accused did not know from the warrant what he was charged with, the court could even have gone to the extent of discarding entirely the original warrant, issuing a new one for the offense, and proceeding to trial on that. The provisions of the statute are intended to give the court a free hand in conducting the trial on appeal in such way as to guarantee to the accused every substantial right, on the one hand, and, on the other, to cut off frivolous and purely formal objections."

In the instant case it is obvious that the original warrant was sufficient to inform the accused of the

charge intended to be made against him, and such being the case we do not think the court went out of bounds in permitting the amendments it did instead of issuing a new warrant as it had authority to do under the statute, upon the oath of the complainants.

It is next contended that the court erred in refusing to set aside the verdict on the ground that it was contrary to the law and evidence, and without evidence to support it.

It is testified by Ray Miller that he was an officer of Wise county and employed by the Interstate Railroad Company; that sometime before this occurrence, having heard the accused and other people in Appalachia were buying coal from boys around the place, witness notified Sam McWilliams and others not to buy any more coal from the boys, and McWilliams promised him that he would not do so; that on the occasion in question witness caught Ralph Hall and Alex Hall, two white boys, getting coal off a coal car, and thereupon arrested them and asked them what they were going to do with the coal; that the boys said that they were going to sell it to Sam McWilliams, and that they got the sack from him to put it in; that witness thereupon took the boys up to Sam McWilliams' place in Appalachia and found that Sam was not at home but a colored woman who worked there, named Flora Moss, was in the restaurant and said that they had plenty of coal and didn't buy any from the boys; that nobody told the boys to get the sack. She, however, took the sack and put it under the counter.

Frank Still testified for the Commonwealth that he was an officer of Appalachia, Virginia; that sometime before he had notified Sam McWilliams, and all the people generally conducting business places in Appalachia not to buy any coal from the boys because they were getting some of it off the coal cars; that there was a coal dump at Arno and also at the Southern yard at which the boys could pick up coal which went over the dump and sell it, and there was no objection to their doing that, but

he had notified the accused and other people not to buy coal from the boys because he discovered that they would sometimes get it off the coal cars.

Ralph Hall testified that he was thirteen years old; that he and his brother went to Sam McWilliams' restaurant on the morning they were arrested by Ray Miller, and he had agreed to buy two sacks of coal from them, and they asked him for a sack to put it in. They got the sack and were getting the coal off the coal car when they were arrested by Miller, intending to sell the same to the accused; that they gave the sack to Flora Moss when taken to the restaurant by Miller and she put it under the counter.

The evidence was corroborated by Ralph Hall's brother, Alex, who testified that he was eleven years of age.

The accused denied that he had bought any coal from the boys after he was notified by the officer not to do so, and stated that while the Hall boys came to the restaurant the day they were arrested and tried to sell him coal, he refused to buy any from them. He told them he had plenty of coal and did not need it. He also denied that he gave them the sack, and that he knew anything about it.

McWilliams' testimony was corroborated by several witnesses who claim they were in the restaurant at the time the boys came there, including Flora Moss and Elbert McWilliams, the brother of the accused. The last named witness testified, however, that when the boys were brought to the restaurant by Miller they said the sack they had belonged to the place, and Flora Moss picked it up and laid it under the counter.

■ While the evidence does not specifically show that the accused knew the boys were going to get the coal off the car when he agreed to buy it, it clearly appears from the Commonwealth's evidence which must be accepted as true, that McWilliams knew the boys sometimes stole the coal, and that, although he had promised the officers

he would not buy any more from them, he agreed to buy coal from these boys on the occasion in question and furnished a sack to put it in. Under these circumstances, we think the question of the defendant's guilt was exclusively for the jury, and their verdict having been approved by the trial court, we are of the opinion that the judgment should be affirmed.

*Affirmed.*