EX PARTE N. C. HAMLIN.

No. 21671. Delivered June 11, 1941.

The opinion states the case.

*Chas. G. Lyman* and *John L. Pichinson,* both of Corpus Christi, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State, on submission.

GRAVES, Judge.

The State's Attorney before this court has prepared a brief in this cause which we think properly disposes of the matters herein made the basis of the request for a discharge of relator. It is herein set forth and adopted as the opinion of the court:

"The relator, N. C. Hamlin, stands charged by indictment with the offense of murder with malice, it being alleged that on or about January 22, 1940, he killed one Eddie Bruening in Nueces County. Venue was changed to Caldwell County where this proceeding commenced. The application seeks discharge because of a previous acquittal based on a jury finding that the accused was insane. The facts agreed to, reflect that relator shot and killed one Arthur Kretzschman and about 7 minutes later shot and killed Eddie Bruening. The murder charge alleging the death of Arthur Kretzschman was tried in Nueces County and an acquittal resulted, the jury finding

that relator was insane at the time he killed Kretzschman and at the time of trial. Relator was committed to the State Hospital at San Antonio. Later he was released upon being found sane by a jury in the county court.

"The basis of this proceeding is the allegation that the acquittal in the first case based as it was upon a finding that the accused was insane at the time of the killing of Kretzschman, is an adjudication of not guilty by reason of insanity in the prosecution for the death of Eddie Bruening.

"The relator has pursued the wrong remedy. Habeas corpus it not available to establish jeopardy. The remedy is through the assertion of such facts as a defense in trial on the merits. This was decided in Ex parte Spanell, 212 S. W. 172, a case in which all of the authorities in this State and many in other states were reviewed. The last pronouncement on this question, which follows the Spanell case is Ex parte Hunt, 40 S. W. (2d) 134."

The judgment of the trial court is affirmed.