# Richmond

## Cleo Driver v. T. Wilson Seay, Sheriff, etc.

November 20, 1944.

Record No. 2891.

Present, All the Justices.

The opinion states the case.

*L. Gleason Gianniny* and *Alfred M. Thornhill*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *M. Ray Doubles, Assistant Attorney General*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Cleo Driver was charged with attempted rape and sodomy in separate indictments to which he pleaded not guilty. On January 25, 1943, the issues raised by the indictments and the pleas were submitted to a jury, who returned the following verdict: "We, the jury, find the accused insane." Thereupon the trial court committed the accused to the Southwestern State Hospital, Marion, Virginia. Later, the superintendent of the hospital declared him sane and returned him to the custody of the sheriff of Henrico County. On February 24, 1944, the accused was arraigned again on the same two indictments. He refused to plead. Counsel moved the court to discharge him upon the ground of former jeopardy. The court overruled the motion and continued the case.

On March 21, 1944, the accused applied for and obtained a writ of *habeas corpus* which, on the hearing, was dismissed, and the accused was held for further proceedings on the two indictments. From the order dismissing the writ of *habeas corpus* this writ of error was awarded.

[█ █] It is well settled in Virginia that the proper method of raising the question of former jeopardy is by special plea of former acquittal or conviction. *Seymour* v. *Commonwealth*, 133 Va. 775, 112 S. E. 806. In this jurisdiction and elsewhere it is held that such a plea must be in writing. "To

require an accused to file his special plea in writing imposes upon him a very slight burden. He must know the crime for which he has been tried and acquitted or convicted." *DeBoer* v. *Commonwealth*, 147 Va. 671, 137 S. E. 469. See *Burford* v. *Commonwealth*, 179 Va. 752, 20 S. E. (2d) 509.

No accused is compelled to plead former jeopardy. It is a right he may or may not exercise. While there are exceptions, the general rule is that, if such a plea is not filed at the proper time, the defense is deemed to have been waived. *Zimmerman* v. *Commonwealth*, 148 Va. 745, 138 S. E. 569; 14 Am. Jur. 955-6. "The law is well settled that the defense of former acquittal or conviction in one trial is a matter of defense to be relied upon in the second trial; it does not go to the jurisdiction and affords no ground for release upon *habeas corpus.*" *Ex parte Perry*, 94 Cal. App. 235, 270 P. 996. See *Ex parte Hamlin*, 142 Tex. Cr. 185, 152 S. W. (2d) 334.

The trial court had jurisdiction of the subject matter and the parties. It follows that an erroneous ruling on the facts or the law, or both, does not deprive the court of jurisdiction. In the final analysis, the pertinent question which must be determined in this proceeding is the correctness of the ruling of the court in another case therein pending. The orderly method to test such a ruling is by direct attack in an application for a writ of error. Otherwise a writ of *habeas corpus* can be utilized as a substitute for an appeal or writ of error. Such substitution is not permissible. *Ryan* v. *Nygaard*, 70 N. D. 687, 297 N. W. 694; *Mollohan* v. *State*, 110 Tex. Cr. 452, 10 S. W. (2d) 86; *Claypool* v. *McCauley*, 131 Ore. 371, 283 P. 751; *Commonwealth* v. *Richards*, 274 Pa. 467, 118 A. 433; *Harris* v. *Whittle*, 190 Ga. 850, 10 S. E. (2d) 926, cert. den. 311 U. S. 622, 61 S. Ct. 443, 85 L. Ed. 395; *Lehman* v. *Sawyer*, 106 Fla. 396, 143 So. 310.

The Attorney General concedes that the verdict returned by the jury on January 25, 1943, ("We, the jury, find the accused insane"), was an adjudication that the accused was insane at the time the offenses were alleged to have

been committed. But he contends that this question should have been raised by a written plea of *autrefois acquit*. This contention is in accord with prior decisions of this court and is in accord with the weight of authority elsewhere. The defense is still available to the accused.

The judgment of the trial court is affirmed.

*Affirmed.*