## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

CLYDE R. ROYALS, SR. v. CITY OF HAMPTON.

January 18, 1960.

Record No. 5040.

Present, All the Justices.

The opinion states the case.

*W. Worth Martin* (*Martin & Smith*, on brief), for the plaintiff in error.

*John D. Gray* and *James B. Sawyer, Jr.*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

Clyde R. Royals, Sr., sometimes hereinafter referred to as the defendant, was tried on August 14, 1958, in the Police Justice Court of the City of Hampton, Virginia, on a warrant which charged that he did, in violation of a city ordinance, "unlawfully operate a motor vehicle on the public highway in a careless and reckless manner, involving an accident." The police justice entered and signed the following judgment order on the back of the warrant: "I do find the accused guilty as charged in the within warrant and adjudge reduced to fail to give right of way. 15 & costs."

Royals thereafter perfected an appeal to the Circuit Court of the City of Hampton, in accordance with § 16.1-132 of the Code of Virginia, 1950, 1958 Cumulative Supplement. At his hearing in the circuit court, the warrant was read to him and he pleaded not guilty and waived a jury.

There was introduced in evidence the ordinance of the City of Hampton defining and prohibiting reckless driving of motor vehicles. It was stipulated that the ordinance "parallels the State law on the same subject."

The pertinent provisions of Section 14-47 of the Code of the City of Hampton read as follows:

"Irrespective of the maximum speeds provided in this article, any person who drives a vehicle upon a highway recklessly or at a speed or in a manner so as to endanger or be likely to endanger the life, limb or property of any person shall be guilty of reckless driving; * * *." 1958 Replacement Volume, Virginia Code, § 46.1-189.

It is not necessary to set out the evidence further since the defendant concedes that his "assignment of error is not based in any degree on the testimony given."

The following judgment was entered by the circuit court:

"This day came the Attorney for the City and the defendant appeared in the discharge of his recognizance and pled not guilty to the warrant, and with the consent of the Attorney for the City, concurred in by the Court, waived his right of trial by jury and submitted all questions of law and fact to the Court for trial, and the Court having heard the evidence of the City, the defendant by counsel moved the Court to dismiss the warrant on the grounds that

the defendant was convicted in the Municipal Court of failure to yield right of way and that there is no such ordinance in the City of Hampton, which motion the Court doth overrule, and having heard the remainder of the evidence doth find the defendant guilty of reckless driving and doth fix his punishment at a fine of Twenty dollars ($20.00) and costs."

The defendant made no objection or exception to the action of the trial court in overruling his motion to dismiss the warrant on the ground that there was no ordinance of the city upon which to base his conviction of "failure to yield right of way."

We granted Royals this writ of error. On appeal his sole contention is that the circuit court erred:

"In convicting the defendant of reckless driving, when the conviction appealed from the Municipal Court for the City of Hampton, Virginia, was of a charge of a lesser nature—that of failing to yield the right of way—thus placing the defendant, who had been acquitted of a charge of reckless driving in the lower court, in double jeopardy."

Defendant has abandoned his contention in the trial court that the City of Hampton has no ordinance providing that the "failure to yield right of way" shall be unlawful. It is well that he has done so, because of his failure to comply with Rule of Court 1:8. *Newton* v. *City of Richmond*, 198 Va. 869, 870, 871, 96 S. E. 2d 775; and Annotations to Rule 1:8, 1957 Replacement Volume, Code of Virginia, 1950.

No plea of former jeopardy, autrefois acquit or convict, formal or informal, oral or in writing, was made or filed in the circuit court, and the question of former or double jeopardy was not presented until the petition for a writ of error was filed.

Under sections 19-154 and 19-158, no plea is necessary in a misdemeanor case. *Foy* v. *Commonwealth*, 132 Va. 671, 673, 111 S. E. 269. However, in such a case an accused may plead as he has been advised; demur or move to quash; he may plead to the jurisdiction or he may plead guilty. He may plead former jeopardy and not guilty, or he may stand mute. If, upon his trial for a misdemeanor, he be present when his case is called, he should plead such defenses as he deems proper, and if he goes to trial without a specific plea, he thereby waives his right to make that plea thereafter, and cannot thereafter take advantage of his failure. *Bare* v. *Commonwealth*, 122 Va. 783, 787, 94 S. E. 168.

It is settled in Virginia that the proper method of raising the ques-

tion of former jeopardy is by special plea of former acquittal or conviction. *Seymour* v. *Commonwealth*, 133 Va. 775, 781, 112 S. E. 806; *DeBoer* v. *Commonwealth*, 147 Va. 671, 137 S. E. 469. See also *Burford* v. *Commonwealth*, 179 Va. 752, 20 S. E. 2d 509; *Driver* v. *Seay*, 183 Va. 273, 32 S. E. 2d 87; *Sigmon* v. *Commonwealth*, 200 Va. 258, 263, 105 S. E. 2d 171; 2 M. J., Autrefois, Acquit and Convict, § 22, *et seq.*

Pleas of former jeopardy are treated with liberality as to their structure; but they must at least be filed if an accused desires to avail himself of that defense, and they should set forth the essential facts upon which the accused was formerly tried, the time thereof, the specific offense charged, the result of the trial, and all other circumstances necessary to identify the offense and the accused. *DeBoer* v. *Commonwealth, supra*, 147 Va. page 675.

Section 16.1-136, 1958 Cumulative Supplement, Code of Virginia, 1950, which provides that an appeal to the circuit court "shall be heard *de novo* in the appellate court and shall be tried without formal proceedings in writing," does not deprive an accused of the right or relieve him of the duty to file informal or special pleas, if he intends to rely on them. The intent of that section and section 16.1-137, 1958 Cumulative Supplement, providing for the amendment of defective warrants, in effect, is to grant a new trial to the accused, with the opportunity to have every advantage which he would have had had he been tried originally in a circuit, corporation or hustings court, and to give such court a free hand in conducting such new trial in such a way as to guarantee to the accused every substantial right on the one hand, and, on the other hand, to cut off frivolous and purely formal objections. *Collins* v. *City of Radford*, 134 Va. 518, 526, 113 S. E. 735; *McWilliams* v. *Commonwealth*, 165 Va. 725, 727, 181 S. E. 391.

■ When no plea of former jeopardy is filed and no question of former jeopardy is raised in the trial court, that question cannot be considered in this Court. *Zimmerman* v. *Commonwealth*, 148 Va. 745, 750, 138 S. E. 569; *Pflaster* v. *Town of Berryville*, 157 Va. 859, 161 S. E. 58.

■ Moreover, we find no merit in the contention that defendant was acquitted in the police court of a charge of reckless driving and convicted only of a lesser offense, that of failing to yield right of way. Section 14-47 of the city ordinance prohibits driving a vehicle in such a manner "so as to endanger or be likely to endanger the life,

limb or property of any person," and defines such operation as reckless driving. It makes no distinction as to the degree of the offense of reckless driving.

The police justice found the defendant "guilty as charged in the within warrant," and fixed his penalty at a fine and costs. The added words in his judgment order, "reduced to fail to give right of way," merely relate to the specific offense of reckless driving. That the action of the defendant was likely to endanger the life, limb or property of another, and did so, is manifest from the evidence.

The question on appeal is not whether the judgment of the trial justice is correct; but whether the accused is guilty of the offense charged. In determining that issue, the judgment of the trial justice is disregarded. *Gravely* v. *Deeds*, 185 Va. 662, 664, 40 S. E. 2d 175; *Malouf v. City of Roanoke*, 177 Va. 846, 13 S. E. 2d 319.

For the reasons stated, the writ of error heretofore granted is dismissed, and the judgment of the trial court affirmed.

*Affirmed.*