# Richmond

Lillie Echols Hubbard v. Commonwealth of Virginia.

Lillie Echols Hubbard v. Commonwealth of Virginia.

Lillie Echols Hubbard v. Commonwealth of Virginia.

Lillie Echols Hubbard v. Commonwealth of Virginia.

January 16, 1967.

Record Nos. 6254, 6255, 6256, 6257.

Present, All the Justices.

674

S. W. Tucker and Ruth L. Harvey (J. L. Williams; Jack Green-
berg; James M. Nabrit, III; Conrad K. Harper, on brief), for the
plaintiff in error.

M. Harris Parker, Assistant Attorney General (Robert Y. Button,
Attorney General, on brief), for the Commonwealth.

EGGLESTON, C. J., delivered the opinion of the court.

It was charged in separate warrants that on July 12, 1963, Lillie
Echols Hubbard,

(1) Trespassed on the premises of Dan River Mills, Incorporated,
in the city of Danville, "after having been forbidden to do so by a
person lawfully in charge thereof or by signs posted on said premises,"
in violation of Code, § 18.1-173;

(2) Engaged in "picketing in such a manner as to obstruct or in-
terfere with the free ingress or egress to and from the premises of
Dan River Mills," in violation of Code, § 40-64;

(3) "[D]id unlawfully induce Patricia Ann Johns, juvenile, age
16, to commit a misdemeanor," in violation of Code, § 18.1-14;

(4) "[D]id unlawfully induce Barbara Ann Terry, juvenile, age
15, to commit a misdemeanor," in violation of § 18.1-14.

Having been convicted in lower courts the defendant appealed to
the Corporation Court of Danville where, by consent, the charges
were consolidated and tried by the court without a jury. She was
convicted on each charge and ordered to pay a fine. The cases are
now before us on writs of error to the several judgments. The as-
signments of error in each case challenge the sufficiency of the evi-
dence to sustain the judgment of conviction.

■ The evidence, which comes from witnesses for the Commonwealth since there was none on behalf of the defendant, may be summarized thus:

On July 12, 1963, at about 3:50 P. M., Julius Adams, with Lillie Echols Hubbard, aged 34, Patricia Ann Johns, aged 16, and Barbara Ann Terry, aged 15, as passengers, drove a car to the vicinity of Gate No. 5 of Dan River Mills, a large industrial plant in the city of Danville. Upon reaching the vicinity of the gate the three passengers jumped out of the car, and over the protestations of a watchman stationed there, ran onto the premises and lay down in front of the gate. Hubbard carried a sign which read "DAN RIVER MILLS HAS FEDERAL CONTRACTS—NEGROES WANT BETTER JOBS." One of the young girls carried a sign which read "I AM TOO YOUNG TO VOTE—WHAT'S YOUR EXCUSE?"

At the gate there was a conspicuously posted sign which read "PRIVATE PROPERTY—DAN RIVER EMPLOYEES ONLY— NO TRESPASSING." The three young women were not employees of Dan River Mills. They lay down in such a manner as to prevent all traffic, both pedestrian and vehicular, from passing through this gate, which was one of four main entrances to and exits from the plant. A captain of the police force arrived on the scene and told them that they were trespassing and would be arrested unless they left. They refused to do so for a period of about twenty minutes. While the gate was thus being obstructed the first shift of workers at the plant was ending and the second shift was beginning. Approximately 2500 employees were forced to use other exits from the plant. Because of their conduct the three young women were placed under arrest. They had to be carried bodily to the police vehicle. Warrants against Hubbard, which are the basis of these prosecutions, were sworn out and served on her.

Code, § 18.1-173 [Repl. Vol 1960],[1] forbids any person without authority to go or remain upon the lands or premises of another after

(1) "§ 18.1-173. *Trespass after having been forbidden to do so.* If any person shall without authority of law go upon or remain upon the lands, buildings or premises of another, or any part, portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof, or after having been forbidden to do so by a sign or signs posted on such lands, buildings, premises or part, portion or area thereof at a place or places where it or they may be reasonably seen, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than one thousand dollars or by confinement in jail not exceeding twelve months, or by both such fine and imprisonment."

having been forbidden to do so. Clearly, the conduct of the defendant Hubbard constituted a violation of this statute. She and her companions willfully and purposely went upon and remained on the premises of Dan River Mills after having been forbidden to do so by a sign conspicuously posted at the scene and the warning of the watchman stationed there. Moreover, they remained there after having been warned by the police that in so doing they were trespassing. See *Hall* v. *Commonwealth*, 188 Va. 72, 49 S. E. 2d 369.

The lower court convicted the defendant of illegal picketing in violation of Code, § 40-64 [Repl. Vol 1953].[2] It will be observed that the second paragraph of this statute prohibits picketing "in such manner as to obstruct or interfere with free ingress or egress to and from any premises."

While picketing is usually employed in labor disputes it is frequently employed in other situations. When so employed in the latter situations it is subject to lawful regulation and restraint. *Hughes* v. *Superior Court of California*, 339 U. S. 460, 70 S. Ct. 718, 94 L. ed. 985; Annotation: Non-labor Picketing or Boycott, 93 A. L. R. 2d 1284, 1290 *ff*.

Code, § 40-64, has heretofore been considered by us in cases arising from labor disputes,[3] but its provisions are sufficiently broad to apply to the situation with which we are here concerned. There is no claim to the contrary. The only contention made before us is that the evidence is insufficient to support the conviction of the defendant of the violation of this statute. Contrary to that contention, we hold that it is amply sufficient.

---

(2) The material portions of this statute read:

"§ 40-64. *Preventing persons from pursuing lawful vocations, etc.; illegal picketing; injunction.*—No person shall singly or in concert with others interfere or attempt to interfere with another in the exercise of his right to work or to enter upon the performance of any lawful vocation by the use of force, threats of violence or intimidation, or by the use of insulting or threatening language directed toward such person, to induce or attempt to induce him to quit his employment or refrain from seeking employment.

"No person shall engage in picketing by force or violence, or picket alone or in concert with others in such manner as to obstruct or interfere with free ingress or egress to and from any premises, or obstruct or interfere with free use of public streets, sidewalks or other public ways.  * * * * *

"Any person violating any of the provisions of this section shall be guilty of a misdemeanor, and punished accordingly."

(3) *Edwards* v. *Commonwealth*, 191 Va. 272, 60 S. E. 2d 916; *McWhorter* v. *Commonwealth*, 191 Va. 857, 63 S. E. 2d 20; *Painters, etc., Local Union* v. *Rountree Corp.*, 194 Va. 148, 72 S. E. 2d 402; *Dougherty* v. *Commonwealth*, 199 Va. 515, 100 S. E. 2d 754.

The uncontradicted evidence shows that the defendant along with her companions, lay down in front of one of the main entrances to and exits from this large industrial plant in such a manner as to block completely the use of the gate by both pedestrian and vehicular traffic in the operation of the plant. Clearly, such conduct on the part of the defendant was in violation of the statute [§ 40-64].

■ In separate warrants it was charged that the defendant, in violation of Code, § 18.1-14 [Repl. Vol. 1960], "did unlawfully induce" Patricia Ann Johns and Barbara Ann Terry, juveniles, "to commit a misdemeanor." The lower court found the defendant guilty on each charge and that finding is challenged on this appeal for lack of sufficient evidence. The material portion of the statute is found in the margin.[4]

The prohibition in the statute is against any person "who shall cause or encourage" any child under the age of eighteen years to commit a misdemeanor. While the charge in each warrant, that the defendant did unlawfully "induce" the juvenile to commit a misdemeanor, does not follow the exact words of the statute, the language used, coupled with reference to the statute, was sufficient to put the defendant on notice that she was charged with the violation of this statute as written.

Again, although the warrants do not allege the particular misdemeanor which the defendant caused or encouraged the juveniles to commit, it seems to have been assumed in the trial below and on this appeal that the reference is to trespass, a misdemeanor under Code, § 18.1-173, and illegal picketing, a misdemeanor under § 40-64.

In *Bibbs* v. *Commonwealth*, 129 Va. 768, 771, 106 S. E. 363, we held that it is not an essential element of the offense under § 18.1-14 that the accused should have "caused" the juvenile to commit the misdemeanor. It is sufficient if he "encouraged" such commission. This is so because the prohibition in the statute is in the disjunctive against any person who shall "cause or encourage" the commission of a misdemeanor.

Viewed in the light of this holding, we think the evidence in the present case is sufficient to sustain the finding that the defendant encouraged the juvenile in each instance to commit misdemeanors. The defendant, accompanied by these girls, ignoring the posted sign for-

(4) "§ 18.1-14. *Causing or encouraging children under eighteen years of age to commit misdemeanors, etc.*—Any person eighteen years of age or older, * * * who shall *cause or encourage* any child under the age of eighteen years to commit any misdemeanor, * * * shall be guilty of a misdemeanor; * * *." (Emphasis added.)

bidding trespass and the warning of the watchman, went onto the premises of Dan River Mills and with them lay down in front of the gate in such a manner as to block completely its use as an entrance and exit. Thus she encouraged these minors to participate with her in the commission of these misdemeanors, and aided and abetted them in doing so. See *Spradlin* v. *Commonwealth*, 195 Va. 523, 527, 79 S. E. 2d 443, 445.

The final contention of the defendant is that if the trespass conviction is sustained, the charges of illegal picketing and inducing the minors to commit misdemeanors cannot stand, because the single alleged illegal act of the defendant is the basis of the three charges and a conviction of one bars a prosecution of the other under Code, § 19.1-259 [Repl. Vol. 1960].[5] We do not agree with this contention. In the first place, no such defense was made in the lower court and it cannot be raised for the first time on appeal. *Owens* v. *Commonwealth*, 147 Va. 624, 632, 136 S. E. 765; *Zimmerman* v. *Commonwealth*, 148 Va. 745, 750, 138 S. E. 569; *Driver* v. *Seay*, 183 Va. 273, 275, 32 S. E. 2d 87, 88. This is so because the defense is akin to that of former jeopardy which is an affirmative defense and if not raised in proper time is deemed to have been waived. *Sigmon* v. *Commonwealth*, 200 Va. 258, 263, 105 S. E. 2d 171, 176; *Driver* v. *Seay, supra*, 183 Va. at 275, 32 S. E. 2d at 88.

But aside from this, the evidence shows that the defendant was guilty of more than the single act of trespass. That act was complete when she stepped on the premises and refused to leave. In addition thereto, she lay down in front of the gate and blocked the entrance in violation of Code, § 40-64. Additionally, in violation of § 18.1-14, she encouraged these young girls to trespass on the premises and encouraged them to folow her example and block the entrance to the plant.

On the whole we find no error in the proceedings and each judgment of conviction is

*Affirmed.*

---

(5) The material portion of this statute reads:

"§ 19.1-259. *Offense against two or more statutes or ordinances.*—If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others. * * * "