COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


WILLIAM SCOTT MacDONALD

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1939-05-2                  JUDGE ELIZABETH A. McCLANAHAN
                                                       JANUARY 9, 2007

COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                            Herbert C. Gill, Jr., Judge

              Terry R. Driskill for appellant.

              Robert H. Anderson, III, Senior Assistant Attorney General
              (Robert F. McDonnell, Attorney General, on brief), for appellee.


        The trial court convicted William Scott MacDonald of solicitation to commit a felony,

Code §§ 18.2-29 and -361(A), and contributing to the delinquency of a minor, Code § 18.2-371.

MacDonald contends that Code § 18.2-361(A)[1] violates the Due Process Clause of the United

States Constitution.  He also challenges the sufficiency of the evidence supporting his conviction

of contributing to the delinquency of a minor, a misdemeanor.  For the following reasons, we

affirm.

                                      BACKGROUND

        Forty-seven-year-old MacDonald and seventeen-year-old A.J. were introduced through a

mutual acquaintance.  They met in a parking lot in Colonial Heights late one evening.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Code § 18.2-361(A) provides that:  "If any person . . . carnally knows any male or
female person by the anus or by or with the mouth, or voluntarily submits to such carnal
knowledge, he or she shall be guilty of a Class 6 felony, except as provided in subsection B."

MacDonald rode with A.J. from there to her grandmother's house to retrieve a personal item. When she returned to her car, MacDonald asked her "to suck his dick." He then pointed to a shed in the backyard and suggested they go back there to "have sex." A.J. said she was tired and wanted to take him back to his truck. When they returned to the parking lot, MacDonald pushed her up against the hood of her car and starting kissing and groping her. She pushed him away and went home.

ANALYSIS

A. Constitutionality of Code § 18.2-361(A)

MacDonald contends the sodomy statute, Code § 18.2-361(A), is facially unconstitutional because it violates the Due Process Clause of the Fourteenth Amendment. In accord with our previous decisions, we hold that MacDonald lacks standing to assert this claim. See McDonald v. Commonwealth, 48 Va. App. 325, 329, 630 S.E.2d 754, 756 (2006)[2] ("[W]e will only consider the constitutionality of Code § 18.2-361(A) as applied to appellant's conduct."); Singson v. Commonwealth, 46 Va. App. 724, 734, 621 S.E.2d 682, 686 (2005) (defendant lacks standing to challenge statute generally); Tjan v. Commonwealth, 46 Va. App. 698, 706, 621 S.E.2d 669, 673 (2005) (same); see also Grosso v. Commonwealth, 177 Va. 830, 839, 13 S.E.2d 285, 288 (1941) ("It is well settled that one challenging the constitutionality of a provision in a statute has the burden of showing that he himself has been injured thereby."); Coleman v. City of Richmond, 5 Va. App. 459, 463, 364 S.E.2d 239, 241 (1988) ("generally, a litigant may challenge the constitutionality of a law only as it applies to him or her").

MacDonald also challenges the constitutionality of the sodomy statute as it applies to him. He maintains that his conduct with the seventeen-year-old victim was constitutionally

---

[2] The appellant in that case, William Scott McDonald, a/k/a William Scott MacDonald, is the same person who is the appellant in the instant case, in the name of William Scott MacDonald.

protected. In support of his argument, he contends the age of consent for sexual behavior is fifteen under Code § 18.2-63[3] and Code § 18.2-371.[4] He then asserts that because the sodomy statute, Code § 18.2-361(A), contains no age restriction, sodomy involving people fifteen and older should be viewed as no different from sodomy involving those eighteen and older, for purposes of constitutional analysis regarding the proscription of such behavior. For the reasons previously stated in our opinion in McDonald, 48 Va. App. at 329, 630 S.E.2d at 756-57 (Code § 18.2-361(A) does not violate defendant's due process rights), we reject this contention. See Singson, 46 Va. App. at 734, 621 S.E.2d at 686 (sodomy statute survives due process challenge); Tjan, 46 Va. App. at 712-13, 621 S.E.2d at 676 (sodomy statute survives due process and Equal Protection Clause challenge); see also Paris v. Commonwealth, 35 Va. App. 377, 384, 545 S.E.2d 557, 560 (2001) (homosexual sodomy, consensual or not, with a fifteen year old is not a constitutionally protected right); Santillo v. Commonwealth, 30 Va. App. 470, 481, 517 S.E.2d 733, 739 (1999) (nonconsensual sodomy between adult defendant and sixteen-year-old female is not constitutionally protected conduct between two consenting adults).

## B. Sufficiency of the Evidence

On appeal, we view the evidence and all reasonable inferences flowing therefrom in the light most favorable to the Commonwealth. DeAmicis v. Commonwealth, 31 Va. App. 437, 440, 524 S.E.2d 151, 152 (2000) (*en banc*). The trial court's judgment will be affirmed unless it is plainly wrong or unsupported by the evidence. Id.

---

[3] "If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony." Code § 18.2-63. "'[C]arnal knowledge' includes the acts of sexual intercourse, cunnilingus, fellatio, anallingus, anal intercourse, and animate and inanimate object sexual penetration." Id.

[4] "Any person 18 years of age or older . . . who . . . engages in consensual sexual intercourse with a child 15 or older not his spouse, child, or grandchild, shall be guilty of a Class 1 misdemeanor." Code § 18.2-371.

MacDonald argues the evidence failed to prove he contributed to the delinquency of a minor. Code § 18.2-371 provides, in part, that "[a]ny person 18 years of age or older, . . . who (i) willfully *contributes to, encourages, or causes* any act, omission, or condition which renders a child delinquent, in need of services, in need of supervision, or abused or neglected as defined in § 16.1-228 . . . shall be guilty of a Class 1 misdemeanor." (Emphasis added).

The sole issue presented is whether the evidence is sufficient to prove MacDonald willfully encouraged conduct that renders the victim delinquent in violation of Code § 18.2-371.[5] In this regard, the statute specifically incorporates Code § 16.1-228, which defines a "delinquent child" as one "who has committed a delinquent act . . . ." A "'[d]elinquent act' means (i) an act designated a crime under the law of this Commonwealth . . . ." Code § 16.1-228. Based on these definitions, MacDonald maintains that his conduct, consisting solely of sexual solicitation, did not render the victim delinquent because she did not engage in any delinquent (criminal) act. Thus, he contends, the evidence fails to prove he violated Code § 18.2-371.

Code § 18.2-371 clearly prohibits conduct that "causes" a minor to engage in a delinquent act where she commits the delinquent act. However, the statute also prohibits conduct that "encourages" a minor to commit a delinquent act. See Hubbard v. Commonwealth, 207 Va. 673, 677, 152 S.E.2d 250, 253 (1967); Bibbs v. Commonwealth, 129 Va. 768, 771, 106 S.E. 363, 364 (1921). The operative language in the statute is in the disjunctive, making it a crime for any person who "causes *or* encourages" a child to be rendered a delinquent. See Hendrick v. Commonwealth, 257 Va. 328, 340, 513 S.E.2d 634, 641 (1999).

MacDonald's solicitation of oral sex from the victim was prohibited behavior, i.e., he willfully encouraged her to engage in a criminal act. Code § 18.2-29. His solicitation was

---

[5] The Commonwealth did not seek to prove, nor did the evidence establish, that MacDonald's solicitation rendered the victim in need of services, in need of supervision, or abused or neglected, as defined in Code § 16.1-228.

- 4 -

clearly designed to encourage A.J. to commit that act, which would render her delinquent under Code § 16.1-228, in violation of Code § 18.2-371. Thus, we affirm MacDonald's conviction for contributing to the delinquency of a minor.

Accordingly, we affirm MacDonald's felony conviction under Code §§ 18.2-29 and -361(A) and his misdemeanor conviction under Code § 18.2-371.

<u>Affirmed.</u>