# CIRCUIT COURT OF THE CITY OF ROANOKE

Division of Child Support Enforcement,
ex rel. Charlotte Stone Abediyi

    v.

Bryant Keith Ferguson

December 12, 2008

Case No. CL08001354-00

BY JUDGE CHARLES N. DORSEY

*Facts*

The parties had litigated in the Roanoke City Juvenile and Domestic Relations District Court the issue of child support. Mr. Ferguson noted his appeal of the civil support proceedings. Upon hearing in this matter with both parties present and represented by counsel, certain evidence was introduced. After the submission of certain evidence, the Court indicated that it appeared there was a material change of circumstances, but there was no ruling on that issue nor was there a ruling on the appropriate amount of support, assuming that there was a material change of circumstances. At that stage, the Division of Child Support Enforcement ("DCSE"), through its counsel, moved to nonsuit its case. Upon objection from Ferguson's counsel, the Court took the motion for nonsuit under advisement and permitted the rest of the evidence to be introduced pending ruling on the motion for nonsuit.

*Issues*

In a case on appeal from a juvenile and domestic relations district court, may the petitioner nonsuit its case?

*Analysis*

In pertinent part, Virginia Code § 8.01-380(B) states "one nonsuit may be taken to a cause of action . . . as a matter of right. . . ." Subsection (A) of the same statute permits that a "party shall not be allowed to suffer a nonsuit as to any cause of action or claim . . . unless he does so . . . before the action has been submitted to the court for decision." The same statute in Subsection (D) prohibits a party from nonsuiting a cause of action "without the consent of the adverse party who has filed a counterclaim. . . ."

Ferguson contends that the action had already been submitted to the Court for decision, thus a nonsuit is not permitted, or, in the alternative, that he had sought affirmative relief in the nature of a counter claim, also barring DCSE's right to nonsuit. Ferguson's position tacitly acknowledges that DCSE has a right to a nonsuit under appropriate circumstances, but argues that the circumstances here prohibit the exercise of that right.

The statute prohibits nonsuits after an action has been "submitted to the court." Case law defines the moment of such submission to be when "the parties have yielded the issues to the court for consideration and decision. 'However, when further submissions from the parties are contemplated, a matter has not been finally yielded for decision or finally determined'." *Atkins v. Rice*, 266 Va. 328, 332, 585 S.E.2d 550, 551-52 (2003) (citations omitted).

In the present case, the issue clearly had not been yielded to the Court for consideration and not only were further submissions from the parties contemplated, but further evidence was heard, albeit subject to the Court's ultimate ruling on the motion for nonsuit.

Ferguson also creatively argues that, since he had intended to seek affirmative relief to review child support, a nonsuit should not be permitted because the statute prohibits nonsuiting a cause of action "without the consent of the adverse party who has filed a counterclaim. . . ." Virginia Code § 8.01-380(D).

It is axiomatic that this appeal is heard *de novo* in this court and "shall be tried without formal pleadings in writing. . . ." *Id.* § 16.1-136. Nonetheless, "all matters alleged to be within the jurisdiction of the [juvenile] court shall be commenced by the filing of a petition. . . . *Id.* § 16.1-260. Analogously, the Rules of the Supreme Court of Virginia likewise require that a civil action be commenced by filing a complaint in the clerk's office, but "[w]hen a statute . . . requires, a proceeding may be commenced by a pleading styled 'Petition'." Virginia Supreme Court Rule 3:2(a). Despite the language in Virginia Code § 16.1-136 that the *de novo* trial may be tried "without formal proceedings in writing," the statute does not relieve a litigant of the duty to file "special pleas,

if he intends to rely on them." *Royals v. Hampton*, 201 Va. 552, 555, 111 S.E.2d 795, 798 (1960). The effect of the statute is to grant a new trial and to give the Court "a free hand in conducting such new trial in such a way as to guarantee . . . every substantial right on the one hand, and, on the other hand, to cut off frivolous and purely formal objections." *Id.*, 111 S.E.2d at 798 (citations omitted).

Read together, these statutes and the Rules of the Supreme Court make clear that the mere intent of a litigant to assert a claim in the nature of a counterclaim is not sufficient when no such counterclaim or cross-petition has actually been filed.

*Lewis v. Culpeper County Dept. of Social Services*, 50 Va. App. 160, 647 S.E.2d 511 (2007), makes clear that a nonsuit may be taken in a *de novo* appeal. As noted by Ferguson's counsel, the issue in *Lewis* was whether a circuit court could proceed on an amended petition after the original petition on appeal was dismissed by nonsuit. Nonetheless, there is no issue raised in *Lewis* regarding the right of a party to nonsuit in a *de novo* appeal. *Lewis* implicitly serves as authority for the proposition that a party does not lose the right to nonsuit on appeal.

As previously noted, Ferguson tacitly acknowledges that DCSE has the right to nonsuit and that there is no provision in the statute that prohibits a nonsuit. While a nonsuit in the context of this sort of case is unusual in this circuit and while this action, as is possibly the case with any nonsuit, may cause further litigation and unnecessary delays as feared by Ferguson, it is nonetheless permissible. Ferguson maintains that the use of nonsuit on appeal is "gamesmanship." What is "gamesmanship" for one may be mere "advocacy" for another. Ferguson could have prevented this action by actually filing a counterpetition in the juvenile court or any similar petition as permitted in this court. Absent such a filing, however, DCSE's motion for a nonsuit is granted and Mr. Davis' conclusion as to the effects of such motion is confirmed, that is, the district court order is nullified by the nonsuit order and the parties are restored to the status quo prior to the initial petition being filed in the district court and may take such other and further action in that court as they are advised. Pursuant to Virginia Code § 16.1-297, the order of this court becomes the final order of the juvenile court and concludes these matters.